THE M. K. & T. RAILWAY CO. v. JAMES N. ROACH, *et al.*

CASE-MADE; SAVING EXCEPTIONS; *When Petition in Error will be Dismissed.* Where the record discloses that on the 11th of January a motion for a new trial was overruled, and sixty days from the rising of the court given to make a case; that on the first of March following a copy of the case-made was served on the opposing counsel, and that the case was settled and signed by the trial judge, but fails to show that any amendments were suggested, or that there was any waiver thereof, or any appearance of opposing counsel, or when the case was settled and signed by the judge; *held,* that the record fails to show a case-made legally settled and signed, and that therefore, this court cannot consider any matters contained therein.

### Error from Neosho District Court.

TRESPASS, brought by *Roach* and wife, to recover damages from the *Railway Company.* The defendant company constructed its railroad through the lands of *Roach,* and it was claimed that defendant unlawfully entered upon plaintiffs' premises, threw down the fences, cut down trees, dug and plowed up the soil, etc., whereby plaintiffs' crops and lands were injured. Trial at the December Term 1874. Verdict

and judgment for plaintiffs for $1,000 damages. The *Railway Company* brings the case here on error.

*T. C. Sears,* and *D. Kelso,* for plaintiff in error.
*Cory & Kimball,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: A motion is made by defendants in error to strike out the "case-made," and dismiss the petition in error; and it seems to us that the facts as disclosed by the record bring the case within the principles announced in the case of *Weeks v. Medler,* (ante, 425.) On January 11th 1875, the motion for a new trial was overruled; and sixty days from the rising of the court granted in which to make a case. When the court adjourned does not appear, but on the 1st of March 1875 a copy of the case-made was served on opposite counsel, as appears by their acknowledgment of service. Nothing further then appears save this certificate of the trial judge, and filing of the clerk of the court:

"Signed, settled and allowed as and for a case-made for the supreme court of Kansas, this —— day of ———, A. D. 18—. JOHN R. GOODIN, *Judge.*
"Filed, July 19th, 1875. *John D. Cory, Clerk.*"

Now in the case of *Weeks v. Medler,* it was held, that "the record should show affirmatively the previous steps necessary to the settlement of the case, in the absence of the appearance, or proper waiver by the opposing party." Here the record fails to show any notice to the opposite party of the time and place of the settling of the case, any appearance or waiver by such party, or the time in which the case was in fact settled. For aught the record discloses, it may have been signed and settled the very day the copy was served on opposing counsel, as in *Weeks v. Medler,* and without giving them the three days in which to suggest amendments. It nowhere appears that the judge considered any amendments, or that any were suggested, or that counsel had none to sug-

gest, or that they had waived in any manner their right to suggest them.

For these reasons the motion must be sustained, and the case will be dismissed.

All the Justices concurring.