## Edward Russell v. Daniel R. Anthony.

1. Case-Made, *Settled and Signed before Time Fixed; Evidence of Service.* A case is brought to the supreme court on a petition in error and case-made for the supreme court. Such case-made shows upon its face that the case was settled and signed by the judge of the court below five days before the time had arrived for so settling and signing such case; and the case-made does not show whether the case was ever served upon the opposite party or his attorney, or whether the opposite party or his attorney had any notice thereof, or whether the opposite party or his attorney was present at the time when such case was settled and signed; but evidence was introduced in the supreme court satisfactorily showing that the case was properly served upon the attorney of record of the opposite party, who then said it was "all right," and who was afterward present when the case was settled and signed, and made no objection thereto. *Held,* That such case will be treated as a valid case-made for the supreme court.

2. LIBEL; *Article, if False and Published Without Sufficient Excuse, Libelous; Presumption.* The defendant, Daniel R. Anthony, published in a newspaper called the Leavenworth *Daily Times* an article concerning the plaintiff, Edward Russell, which article contains, among other things, the following: "Who is Ed. Russell, in whose eyes swindling is no crime? He is secretary of the bankrupt Kansas Insurance Company. Less than two years ago he was state commissioner of insurance, and certified under his oath of office that this bankrupt concern was a sound and solvent insurance company, while he knew it was at that very time hopelessly bankrupt. He was forced to leave the office of commissioner of insurance because the Leavenworth *Times* exposed his official 'crookedness' and compelled him to disgorge eight thousand dollars of the state's money." The words, "state commissioner of insurance," as used in said article, were intended and understood to mean the office of "superintendent of insurance" for the insurance department of the state of Kansas. *Held,* That said article, if false, and if published without any sufficient excuse, is libelous; and that it will be presumed to be false, and published without any sufficient excuse, until the contrary is shown; and that the burden of proving the contrary rests upon the defendant. And it makes no difference that the plaintiff had left the office of superintendent of insurance and was not in office when the article was published; nor does it make any difference that the plaintiff alleged in his petition, in addition to what was necessary to be alleged, that said article charged him with committing the crimes of perjury and embezzlement, when in fact it did not so charge.

### *Error from Leavenworth District Court.*

ACTION brought by *Russell* against *Anthony* for libel. Trial at March Term, 1877, of the district court, and judgment for defendant. The plaintiff brings the case here on error. The facts are sufficiently stated in the opinion.

*Byron Sherry,* for plaintiff.

*Lucien Baker,* for defendant.

The opinion of the court was delivered by

VALENTINE, J.: A motion is made by the defendant in error to dismiss this case from this court, on the ground that the case-made (upon which the case is brought to this court) shows upon its face that it was settled and signed by the judge of the court below before the time for so settling and signing the same had arrived, and without the same

having been served upon the defendant in error, or any notice thereof having been given to him, and without any appearance or waiver by him. The case-made does show upon its face that it was settled and signed about five days earlier than it should have been settled and signed, unless the parties, by some words or acts, waived the full time allowed them by the court; but the case-made does not show, upon its face or otherwise, that it was never served upon the defendant in error, or that he had no notice thereof, or that he was not present when the case was settled and signed, or that he did not waive the five days yet to elapse before the case could properly be settled and signed without his consent. The case-made is entirely silent upon these matters. But it is satisfactorily shown by evidence (outside of the case-made) introduced in this court that soon after the case was made, and within the time given by the court, the case was served upon one of the attorneys of record for the defendant in error, who then and there said it was "all right;" and afterward, said case was settled and signed by the judge of the court below in the presence of said attorney, with his knowledge, and without any objection from him. Under such circumstances, we think the five days' time was waived, that counsel consented that the case should then and there be settled and signed, and that the defendant in error cannot now be allowed to say that the case was settled and signed earlier than it should have been. The statutes for making a case for the supreme court were substantially complied with in all particulars, and literally complied with, except as to the time when said case was settled and signed, and strict compliance as to the time was certainly waived by both parties. If the defendant in error had desired more time, the judge would unquestionably have given it to him. We receive and consider the said evidence showing service of the case-made, showing appearance by the defendant, etc., and upon such evidence, shall overrule the defendant's motion to dismiss.

We now come to the merits of the case; and, upon these,

the only question presented is whether, upon the pleadings and the evidence introduced by the plaintiff in the court below, a *prima facie* case was made out in favor of the plaintiff and against the defendant. Other questions, however, are involved in the case, but these other questions are all involved in this one principal and general question. This question was raised in the court below — first, by the defendant's demurrer to the plaintiff's evidence; and, second, by a motion of the plaintiff for a new trial. The court below sustained said demurrer to the evidence, took the case from the jury, decided it itself, rendered judgment in favor of the defendant and against the plaintiff, and overruled the plaintiff's motion for a new trial.

The following is a brief history of the case in the court below.

This was an action commenced in the district court for Leavenworth county to recover damages for libel. The petition alleged as follows:

Edward Russell, plaintiff in this cause, complains of Daniel R. Anthony, defendant, for that the said plaintiff hath heretofore been, and still is, a citizen of the county of Leavenworth, of good name, fame and reputation among his neighbors and fellow-citizens as an upright, honest and honorable man, and hath hitherto been unsuspected of being guilty of either the crimes of embezzlement or perjury; and for that the said Daniel R. Anthony, being on the 20th day of September, A. D. 1876, the editor and proprietor of a certain newspaper published in the city of Leavenworth, and state of Kansas, called the Leavenworth *Daily Times*, did then and there, in said newspaper, publish and cause to be published of and concerning the said plaintiff, Edward Russell, the following false, scandalous, defamatory and libelous article, to wit:

"Who is Ed. Russell [meaning the said plaintiff], in whose eyes swindling is no crime? He is secretary of the bankrupt Kansas Insurance Company. Less than two years ago he [meaning said plaintiff] was state commissioner of insurance, and certified under his oath of office that this bankrupt concern was a sound and solvent insurance company, while he [meaning the plaintiff] knew that it was at that very time hopelessly bankrupt; he [meaning the plaintiff] was forced to leave the office of commissioner of insurance because the Leavenworth *Times* exposed his official 'crookedness,' and compelled him [meaning the plaintiff] to disgorge eight thousand dollars of the state's money."

Whereby and by means whereof, he, the said defendant

Daniel R. Anthony then and there thereby intended to and did falsely and libelously charge the said plaintiff with the crimes of perjury, and embezzlement of the moneys belonging to the state of Kansas, in this, to wit, that the said plaintiff, while he was holding the office and performing the duties of superintendent of insurance of the state of Kansas, had violated his oath of office by falsely and fraudulently issuing a certificate to the said Kansas Insurance Company as a solvent company, when he, the said Edward Russell, well knew said company to be hopelessly insolvent.

And also in this, that he, the said Edward Russell, while holding the office aforesaid, and in violation of the duties of said office and of his oath as such officer, had feloniously embezzled eight thousand dollars of the money belonging to the said state of Kansas which came to his said plaintiff's hands by virtue of his said office; he, the said defendant, then and there well knowing said charge to be false, scandalous and libelous, but contriving then and there and thereby to bring the good name, fame and reputation of the plaintiff into disgrace and contempt with his friends and neighbors.

Concluding with the usual allegation of damages, and prayer for judgment.

To the petition the defendant demurred, on the ground that it did not set forth a cause of action, which demurrer was overruled; whereupon the defendant filed an answer, denying all the allegations of the plaintiff's petition, except such as he admitted in and by his answer, and then admitting, in substance, that he was the editor and proprietor of the Leavenworth *Daily Times;* admitting that the article complained of was published in the Leavenworth *Daily Times,* of and concerning the plaintiff; admitting and alleging that the plaintiff was superintendent of insurance for the insurance department of the state of Kansas, and that he held the office of superintendent of insurance for nearly two years, leaving the office in September, 1874; admitting and alleging that the person who held the said office of superintendent of insurance was popularly known and styled "state commissioner of insurance;" admitting and alleging that when he (the defendant) used the words in said article, "state commissioner of insurance," he used them in their popular sense to

indicate the superintendent of insurance, and averring that by the use of said words he intended them to apply to the officer occupying such position under said act of the legislature of Kansas creating such insurance department; admitting and alleging that he intended that said words, "state commissioner of insurance," should apply to the plaintiff as superintendent of insurance for the state of Kansas, and alleging that all of the supposed libelous matters contained in said article were true. To this answer the plaintiff filed a reply, denying generally the plea of the truth or justification of said alleged libelous matters.

On the 12th day of March, 1877, the cause came on for trial before the court and a jury.

The plaintiff, to maintain the action on his part, called as a witness John Coulter, who testified that at the time of the alleged publication he was in the employ of the defendant; that he knew of the publication of the article; and that said paper was a paper of large circulation.

The plaintiff then, after having produced a copy of the paper containing the alleged libelous matter, and after having offered and read the article complained of to the jury as evidence, rested his case.

The defendant then filed a demurrer to the evidence, on the ground that the evidence did not establish a cause of action against the defendant, which demurrer was by the court sustained, and to which ruling of the court the plaintiff excepted.

The plaintiff then moved the court for a new trial upon various grounds, which motion the court overruled, and the plaintiff excepted. The court then rendered judgment in favor of the defendant and against the plaintiff for costs, and the plaintiff again excepted. The plaintiff then brought the case to this court for review.

Upon what ground the court below sustained said demurrer or rendered said judgment, we cannot tell. Upon the pleadings in the case, and without any evidence, the plaintiff was entitled to a judgment in his favor for at least nominal dam-

ages, and the evidence introduced by him certainly did not overturn his *prima facie* case which he already had upon the pleadings. The only new material fact proved by the evidence was, that the Leavenworth *Times* was a newspaper of large circulation. This fact tended to enhance his damages instead of utterly destroying his right to recover. We suppose that the article published by the defendant did not charge the plaintiff with committing either perjury or embezzlement, at least for the purposes of this case we shall consider that it did not, but it did charge him with committing acts almost as bad. It substantially charged that, while he was acting under an official oath as superintendent of insurance, he knowingly made a false certificate as to the standing of an insurance company, and that he was forced to leave the office of superintendent of insurance because of official "crookedness," and was compelled to disgorge eight thousand dollars of the state's money. Now, if these charges were believed, they would certainly injure the private character of the plaintiff; they would bring his private character and the plaintiff himself into contempt and disgrace with all honest men. It was not shown or claimed that said article was intended to injure the plaintiff as an officer, or to lessen his business as such, or to diminish the fees or emoluments of the office; nor was it claimed or shown that the publication of the article would have any such effect. Indeed, the publication of the article could not have had any such effect, for the plaintiff was not holding the office when the article was published. All that the plaintiff claimed was, that the publication of the article was intended to and did injure his private character, his good name, fame, and reputation; and tended to bring the same into contempt and disgrace among all his neighbors and friends. Such, we think, would be the necessary tendency of the publication of said article. The scope of the article was not to show that the plaintiff was an incompetent officer, or merely to show that he did not perform the duties of his office properly, but it was intended, above all things else,

to show that the plaintiff was a. *bad man,* "in whose eyes swindling is no crime." The article was evidently intended to injure the plaintiff's private character. It shows this upon its face, and undoubtedly it did injure the same. Therefore, unless it was true, it was unquestionably libelous, and the burden of proving that it was true rested upon the defendant. A false charge wrongfully imputing a want of integrity is always libelous, whether the object of the charge is in office or not. It is libelous without reference to whether he holds office or not. In the present case the plaintiff alleged in his petition that said article charged him with committing the crimes both of perjury and embezzlement. Now while we do not think that the article so charged, yet we do not think that these allegations of plaintiff's petition rendered the article any the less harmful or any the less libelous. Expunge these allegations from the petition, and still the article would be libelous and the petition sufficient. The petition alleged that the article was false and published without any sufficient excuse, and that it was intended to injure the plaintiff and did injure him, and therefore the petition sufficiently alleged and showed that the article was libelous, although the article may not have charged either perjury or embezzlement. And alleging that the article was worse than what it in fact was, does not destroy its libelous character, or render it better than what it in fact was. The allegations stating that the article charged perjury and embezzlement may be treated as surplusage. If the article is in fact true, or if the defendant had a sufficient excuse for publishing it, it devolves upon him to show it. In the absence of evidence, it will be presumed that the article was false, and that the defendant did not have any sufficient excuse for publishing the same. The plaintiff is not bound in the first instance to introduce any evidence upon these subjects, hence it cannot be claimed that his evidence in the court below was insufficient because he did not introduce any evidence upon these subjects. We think the court below erred in sustaining the demurrer to the plaintiff's evidence, and therefore the judgment of the court

below rendered upon the sustaining of each demurrer, must be reversed, and cause remanded for a new trial.

All the Justices concurring.