THE KANSAS FARMERS' MUTUAL FIRE INSURANCE COM-
PANY v. LYDIA A. AMICK.

*Motion to Dismiss Cause.*

APRIL 29, 1886, the defendant in error filed a motion to
dismiss the petition in error, which motion the court over-
ruled at its session in December, 1886.

*Alonzo Dishman,* and *H. P. Welsh,* for the motion.

*Stambaugh, Hurd & Dewey,* and *J. R. Burton,* against the
motion.

*Per Curiam:* The defendant in error moves the court to
dismiss the petition in error, upon the ground that the case
was settled and signed without notice to her or her attorneys;
and in support of the motion, *M. K. & T. Rly. Co. v. Roach,*
18 Kas. 592, and *Weeks v. Medler,* 18 id. 425, are cited.
From the record it appears that the motion for a new trial
was overruled, and judgment entered on October 8, 1885,
when sixty days were allowed in which to make and serve a
case for the supreme court.  On November 30 an order was
duly made, extending the time in which to make and serve
the case to the 16th day of December, 1885.  On December
4, 1885, the attorney for the defendant in error acknowledged
service of the case-made, and afterward suggested amend-
ments.  The case was settled and signed on the 14th day of
December, 1885, and in the certificate the judge certified that
the case was duly presented to him for signing and settling.
It does not affirmatively appear in the record that the defend-
ant in error was present, or had notice of the time when the
case would be settled and signed.  It does appear, however,
that amendments were suggested by the defendant in error,
some of which were allowed by the judge, and others dis-
allowed.  The reason that notice is required to be given to
the defendant in error is, that he may appear and have the

case-made amended in accordance with his suggestions. If the amendments suggested by the defendant in error are made by the judge, he cannot complain of the want of notice. Nor is there cause for complaint if the amendments disallowed are immaterial. We find that only a few of the amendments suggested by the defendant in error were disallowed, and that they were wholly unimportant. The cases cited, therefore, do not control, and the motion must be overruled.