JOHN S. CHRISTIE v. M. A. CARTER, *as Administratrix of the Estate of S. F. Carter, deceased.*

### No. 7757.

CASE-MADE — *Settlement — Notice — Dismissal.*   A proceeding in error brought to this court on a case-made, where it does not appear from the record or otherwise that the defendant was present, either personally or by counsel, at the settlement, nor that notice of the time thereof was served or waived, nor what amendments were allowed or disallowed, will be dismissed on motion of the defendant in error.

*Error from Marion District Court.*

ACTION by M. A. Carter, as administratrix of the estate of S. F. Carter, against John S. Christie. Judgment for plaintiff; defendant brings the case here.   All the material facts appear in the opinion, filed December 7, 1895.

*Keller & Dean*, for plaintiff in error.

*Jetmore & Jetmore*, for defendant in error.

The opinion of the court was delivered by

MARTIN, C. J.: Action was brought in the court below by the defendant in error against the plaintiff in error December 26, 1889, the petition stating, among other things, that a partnership was formed between S. F. Carter and John S. Christie June 18, 1886, for carrying on a banking and exchange business, which was conducted until July 8, 1887, when S. F. Carter died intestate ; that the plaintiff was his widow, and the administratrix of his estate ; that Christie continued to carry on the business without any accounting until September 19, 1889, when she made application to the probate court, and caused a citation to issue against him to execute a bond as surviving partner ; that on September 20, 1889, he executed such bond, and thereafter claimed to exhibit assets to the appraisers appointed by the court, which exhibition was made November 26, 1889 ; but she claims that the assets were not fully exhibited, and in consequence thereof the net amount was only $7,988.11, whereas, on a true showing, about $15,000 would be due the estate of her deceased husband ; and that no accounting had yet been made by Christie. She prayed for an accounting, and for judgment for $15,000 ; that a receiver be appointed, etc. A hearing was had on the application for the appointment of a receiver, the defendant objecting to any testimony for the reason that the court had no jurisdiction. On the hearing the court refused to appoint a receiver, but held that an accounting should be had, and referred the case to F. H. Kollock as referee to hear and report the facts,

and to examine the mutual accounts, to which reference both parties consented in open court. An answer was afterward filed, being a general denial. The referee heard the evidence and made his report, and the defendant below moved to dismiss the case for want of jurisdiction, but judgment was rendered for the plaintiff below on the report, with a slight modification, on January 5, 1891, for the sum of $11,723 damages, and costs, besides awarding her one-half of the proceeds of certain accounts, amounting to $695 when collected. Time was thereupon given the defendant below to serve a case-made in 60 days, and the plaintiff below was allowed 20 days to suggest amendments, and the case to be settled on five days' notice by either party. The time was extended March 4, 1891, for 30 days, and again April 3, 1891, for 30 days, and the case-made was served April 24, 1891. The case was settled at Marion August 5, 1891. The question argued upon its merits in this court was as to the jurisdiction of the district court, in view of the matter of the partnership estate still standing open in the probate court; but the defendant in error has filed and presented a motion to dismiss the petition in error on the ground that she had no notice of the time of settlement of the case-made, and that she did not appear at the settlement, and had no knowledge thereof. It does not appear from the certificate of the judge who was present at the settlement, but it is recited that the case-made and the suggestions of amendments thereto were presented, and such of said amendments as were proper to be allowed were incorporated in the case as parts thereof. No evidence was offered on the hearing in this court, and no admissions were made touching notice or appearance.

Section 549 of the civil code authorizes the court or

judge to "direct notice to be given of the time when a case may be presented for settlement, after the same has been made and served and amendments suggested." In *Gross v. Funk*, 20 Kan. 655, it was held that a party cannot ignore nor treat as a nullity a notice of such character duly served, although the time fixed therein is earlier than that authorized by the order. This is analogous to the entry of a judgment by a justice of the peace where the service is made only two days before the time set for trial, the law requiring at least three days. In such case the judgment is erroneous, but not void. But this "is not like a judgment rendered upon no service." (*Nelson v. Becker*, 14 Kan. 509.) The purpose of notice is to give an opportunity to the other party to appear and have his amendments allowed, and, if no amendments had been suggested, or all material amendments had been allowed, the court could say that the failure to give notice was not prejudicial. (*Kan. F. M. F. Ins. Co. v. Amick*, 36 Kan. 99.) And where no proper notice has been given the court may continue the settlement until a future day, so that notice may be served. (*Hill v. National Bank*, 42 Kan. 364.)

In this case, however, it does not appear in any way that notice was ever given or waived, nor that the defendant in error appeared personally or by counsel, nor what amendments were allowed or disallowed. So far as appears, the settlement was made *ex parte*, and without opportunity of the defendant in error or her counsel to be present.

The motion to dismiss will therefore be sustained.

All the Justices concurring.