## The Symns Grocer Co. *et al.* v. Burnham, Hanna, Munger & Company.

APPEAL—*Case-Made—Notice.* The reason why attorneys of record are entitled to notice to appear before the judge at the time of settling a case-made upon appeal to the supreme court, is in order that their suggestions may be considered, and, if approved, adopted. But where the case-made has been served upon the attorney of record for the defendant in error and he has made suggestions and such suggestions have been adopted by the plaintiff in error, and incorporated into the case-made and the defendant in error has waived notice to appear, he can have no cause to complain, and the case cannot be dismissed here on account of the absence of such notice from the record.

*Error from the District Court of Logan County.*

Motion to dismiss case.    Motion overruled.

*B. Woolridge* and *Green & Strang*, for the motion.
*Cotteral & Hornor*, per contra.

The opinion of the court was delivered by

McATEE, J.: On January 6, 1897, the defendant in error, the McCord Commerce Company, filed its motion to dismiss the petition in error.

The only ground argued to the court in support of the motion, was that the case was settled and signed without notice to the defendant in error.

It appears from the record that orders extending the time within which the case should be made and served for the supreme court were made upon the thirtieth day of July, 1895, and the twenty-fifth day of September, 1895, and that on the twenty-eighth day of October a further extension of thirty days from the expiration of the time theretofore given, was made. The extensions of time in the several orders were for sixty, thirty, and thirty days, respectively, beginning from the time first given.

On the eleventh day of November, the attorney for the defendant in error, making this motion, "accepted service of the above and foregoing case-made." Thereafter, on the twenty-ninth day of May, 1896, the case was settled and signed.

It does not affirmatively appear from the record that the defendant in error was present, and it is said in the argument that he was absent, and that he had not had notice of the time when the case would be settled and

signed. It does appear, however, from an affidavit of Hon. J. R. Keaton, one of the judges of this court, which accompanies, and is annexed to, and filed with the brief of the plaintiffs in error upon this motion, that the affiant, who was of counsel in the case, had, on the eleventh day of November, when the case-made was served upon the attorney for the defendant company, left the said case-made with him for several days, and that afterward the attorney for the defendant in error informed the affiant that he "went through the record, as he informed me thereafter, and wrote in pencil, on the blank pages and parts of pages left in said record, such amendments, and all the amendments that he desired to make to the said case-made, as prepared by myself; and that I thereafter agreed that the case-made be signed, containing such amendments; that it was definitely agreed and understood between myself and the said Woolridge that if the said amendments which he thus suggested were admitted by me as a part of the case-made, in said cause, that he had no objection to the signing and settling of the said case-made at any time, and I agreed that said amendments should be so incorporated in said case-made and they were so incorporated, and are a part of the same, and he thereupon waived notice of the time and place of settling said case-made."

The facts here stated are uncontradicted.

No other reason exists that we are aware of why notice should be served upon attorneys of record to appear at the time of settling of the case other than that the parties may have their suggestions considered and, if approved, adopted; but where, as in this case, all of the amendments suggested by the attorney for the defendant in error were accepted by the plaintiff in error and

incorporated into the case-made, the defendant in error can have no cause for complaint.

This case is determined upon the authority of *Fire Ins. Co. v. Amick*, 36 Kan. 99.

The motion will, therefore, be overruled.

Dale, C. J., having presided in the court below, and Keaton, J., having been of counsel, not sitting; all the other Justices concurring.