FT. SMITH & W. R. Co. v. STATE NAT. BANK OF SHAWNEE.

No. 1010.   Opinion Filed November 9, 1909.

(105 Pac. 647.)

**APPEAL AND ERROR—Dismissal—Defective Record.** A proceeding in error brought to this court on a case-made, where it does not appear from the record or otherwise that the defendant was present, either personally or by counsel. at the settlement, nor that notice of the time thereof was served or waived, nor the date of the signing and settlement, nor what amendments suggested were allowed or disallowed, will be dismissed on motion of the defendant in error.

(Syllabus by the Court.)

*Error from Pottawatomie County Court; E. D. Reasor, Judge.*

Action between the Ft. Smith & Western Railroad Company and the State National Bank of Shawnee. From the judgment the Railroad Company brings error. Dismissed.

*Charles E. Warner* and *Harry P. Warner*, for plaintiff in error. *Stanard, Wahl & Ennis*, for defendant in error.

Dunn, J.   August 11, 1909, plaintiff in error filed its petition in error, with case-made attached, in the office of the clerk of this court.   October 13, 1909, counsel for defendant in error filed a motion to dismiss the same, enumerating five different grounds.   As we are constrained to sustain the same for and on account of the third proposition presented, we shall not advert to the others.

The purported case-made is deficient in a great many particulars, other than those mentioned herein, some of which in our judgment might, under the liberal rule provided under an act of the legislative assembly of the territory of Oklahoma (Sess. Laws 1905, p. 322, c. 28), providing for the correction of court records on appeal, be corrected; but, to our minds, the objection is fatal that the case-made does not affirmatively show that there was any service made or notice given of the time and place when and where the case-made would be offered the judge for signing and settling, or any waiver thereof, nor any showing that it in fact took place, nor any appearance by defendant in error, as contemplated and provided for in section 544, art. 22, c. 66, par. 4742, Wilson's Rev. & Ann. St. Okla. 1903.   The general rule in this class of cases is stated in section 233 of Prof. Burdick's work on New Trials and Appeals as follows:

"It is a well-established rule that, if no notice of the time of settlement is given or waived, and there is no appearance of the opposite party, either in person or by counsel, the case so settled is a nullity."

The Supreme Court of the territory of Oklahoma or of the state do not seem to have ever passed squarely upon this proposition, but the text quoted is supported by a uniform line of Kansas authorities, among which we note the following: *Weeks v. Medler*, 18 Kan. 425; *M., K. & T. Ry. Co. v. Roach et al.*, 18 Kan. 592; *Safford et al. v. Turner*, 53 Kan. 728, 37 Pac. 121; *Chicago &*

*Atchison Bridge Co. v. Fowler*, 55 Kan. 17, 39 Pac. 727; *Christie v. Carter*, 56 Kan. 166, 42 Pac. 708.

In the case at bar it appears that counsel for plaintiff in error served the case-made on counsel for defendant in error for the purpose of allowing him to suggest amendments, and, although challenged, for the purpose of this proceeding it will be assumed that this service was made within time. Thereafter counsel for defendant in error returned the case-made to counsel for plaintiff in error, suggesting eight different amendments. These amendments with the case-made, as appears from the same, were received by counsel for plaintiff in error on the 17th day of October, 1908. On the 20th day of October, 1908, from a copy of a letter which counsel for plaintiff in error asserts was written by himself to counsel for defendant in error, it is stated:

"I have no objections to offer to the amendments which you suggest, and I therefore did not think it necessary for me to come to Shawnee and go over the same with you. However, I have no objections to your assisting Judge Reasor in making the corrections if you desire to do so."

Counsel for plaintiff in error likewise wrote a letter to the judge by whom the case was tried, in which he stated that he agreed to the suggested amendments, suggesting that the stenographer comply therewith, and requesting the judge to sign the certificate which he found annexed to the record. The paper calling attention to the suggested amendments was attached to the case-made, but the amendments were never made or entered, and there is nothing to show that they were considered by the judge in settling the case and signing the certificate to the case-made, and it does not appear when it was signed, except that it was October, 1908, and no other notice of any kind or character is claimed to have been given counsel for defendant in error as to the time and place of the signing and settlement of the case-made, nor is it shown to have been waived. To our minds the foregoing is wholly insufficient to vest this court with jurisdiction to review the errors complained of. The jurisdiction of a trial judge to settle and sign a case-made is a special and a limited one, and it

only arises, as is said by the Supreme Court of the state of Kansas in the case of *Weeks v. Medler, supra,* "under the circumstances specified by law." The entire quotation in which this appears is as follows:

"The jurisdiction of the judge to settle the case is a special and limited jurisdiction, which only arises at the times and under the circumstances specified by law; and, in the absence of any appearance of the opposite party, or a waiver of amendments, it should appear from the record that the case had been duly served, and that amendments had been suggested or waived, or that such opposing party had notice of the time and place of the settling of the case. In other words, the record should show affirmatively the previous steps necessary to the settlement of the case, in the absence of the appearance or waiver thereof by the opposing party."

The case was dismissed. To the same effect is the holding in the case of *Missouri, Kansas & Texas Railroad Company v. Roach et al., supra,* in which Judge Brewer, who prepared the same, dealing with this question, said:

"Here the record fails to show any notice to the opposite party of the time and place of the settling of the case, any appearance or waiver by such party, or the time in which the case was in fact settled. For aught the record discloses, it may have been signed and settled the very day the copy was served on opposing counsel, as in *Weeks v. Medler,* and without giving them three days in which to suggest amendments. It nowhere appears that the judge considered any amendments, or that any were suggested, or that counsel had none to suggest, or that they had waived in any manner their right to suggest them."

The preparation of the case to be filed in this court is primarily the duty of counsel for plaintiff in error. It is his duty, if bringing a complete case-made of the entire proceedings to this court, to insert therein all the proceedings of the trial, and if he seeks to bring here so much of the record only as will present the question at issue, then it is his duty to bring all of the proceedings which bear upon it. It is the duty of counsel for defendant in error, on receiving the case-made to offer such amendments as he deems essential to present any fact of importance to him not shown by the case as presented to him. These amendments, if

agreed to by counsel for plaintiff in error, should then be prepared and inserted in the case-made just as suggested. Whereupon notice of time and place of submitting the same to the judge, in accordance with the time previously fixed by the court or judge who tried the case, should be given, and evidence thereof made a part of the case-made. At the time and place fixed therein, or at such further time or place as may be fixed by notice, it is the duty and right, unless waived, of both counsel to appear before the judge to aid in the final settlement of the record as it is to be ultimately submitted to the court. One of the rights to which counsel for defendant in error is entitled, and of which he cannot be arbitrarily deprived in such cases, is this notice of the time and place of settlement of the case-made. *Lamont v. Williams,* 43 Kan. 558, 23 Pac. 592.

It follows in the case at bar, amendments having been suggested, and there being no notice given of the time or place of the signing and settlement of the case-made herein, and the same not having been waived, and counsel for defendant in error insisting upon their rights in this regard, that the motion to dismiss must be sustained. Nor will the statute of 1905 referred to relieve plaintiff in error on this matter. To give it the force contended for, no service of the case-made could be required, nor any timely suggestion of amendments ever be insisted on, and plaintiff in error could make up what he wished for a case-made, present it without notice to the judge who tried the case, have it signed, settled, and filed, and then say to the defendant in error: If this does not suit you, go to the Supreme Court, or a justice, and secure permission to amend it at your own expense and delay. This is certainly not the law.

All the Justices concur.