# FIRST NAT. BANK OF COLLINSVILLE v. DANIELS.

### No. 930. Opinion Filed May 10, 1910.

#### (108 Pac. 748.)

1. **APPEAL AND ERROR**—Dismissal—Case-Made Settled in Party's Absence. A proceeding in error brought to this court on a case-made, where it does not appear from the record or otherwise that the defendant was present either personally or by counsel at the settlement, or that notice of the time thereof was served or waived, or what amendments suggested, if any, were allowed or disallowed, will be dismissed on motion of defendant in error.

(Syllabus by the Court.)

*Error from Rogers County Court; Archibald Bonds, Judge.*

Action by S. W. Daniels against the First National Bank of Collinsville. Judgment for plaintiff, and defendant brings error. Dismissed.

*William H. Hall* and *James S. Davenport,* for plaintiff in error.

*J. R. League,* for defendant in error.

HAYES, J. On the 8th day of March, 1910, the court rendered an opinion in this case sustaining a motion of defendant in error to dismiss upon the ground that no notice was served by plaintiff in error upon defendant in error of the time and place the case-made would be presented to the trial judge for settlement. A petition for rehearing was thereafter filed, and the court, after examining the briefs filed in support of the petition, has reached the conclusion reached in its former opinion and adheres to same. But, since language was used in the former opinion that might be misleading to the bar, in the statement of the general rule applicable to the questions raised by this motion, the former opinion is withdrawn, and this opinion upon the petition for rehearing shall constitute also the opinion of the court on the merits of the motion to dismiss.

Plaintiff in error complains in his petition for rehearing that the motion to dismiss was considered and ruled upon by the court without notice to him of any hearing thereon. There is no statute or rule of court requiring that parties to a proceeding in this court shall be given notice of the hearing of the court upon a motion to dismiss. It has been the uniform practice of the court since its organization to take up and consider all motions filed in causes on the docket as soon after the filing of the same as the opposing party shall have had a reasonable opportunity to make answers thereto. Rule 3 requires 10 days' notice prior to the commencement of each term of the court shall be given by the clerk of the court to all the attorneys of the day on which each cause shall be heard; but this rule applies to the submission of causes on the merits and has no application to motions. No motion shall be argued unless by direction of the court. Rule 4. All motions shall be in writing, and, when a motion is filed with the clerk, it must show service on the opposite party as to the time it will be filed, and he shall have 10 days thereafter in which to answer the same. Rule 5. A consideration of all motions as soon after they have been filed as will permit the opposing party to file briefs in opposition thereto is necessary to the dispatch of the business of the court and often results in saving litigants useless expense and avoids delay in the administration of justice.

The case-made in this proceeding was signed and settled by the trial judge in the absence of defendant in error and without notice to him of the time and place the same would be signed and settled. In *Ft. Smith & Western Ry. Co. v. State Nat. Bank of Shawnee*, 25 Okla. 128, 105 Pac. 647, in the body of the opinion, the general rule applicable to this class of cases, quoted in language of section 233 of Burdick's Work on New Trials and Appeals, is stated as follows:

"It is a well established rule that, if no notice of the time of settlement is given or waived, and there is no appearance of the opposite party, either in person or by counsel, the case so settled is a nullity."

There are exceptions to the general rule as stated in the language of the text. *Kansas Farmers' Mutual Fire Ins. Co. v. Amick,* 36 Kan. 99, 12 Pac. 338, illustrates the exception.  In that case it was held that, although the record did not affirmatively show that notice had been given of the time when the case would be settled and signed, if it appeared that amendments were suggested by defendant in error all of which had been allowed, defendant could not complain of want of notice; or, if some of the  amendments which had been suggested had been disallowed and were immaterial, he could not complain.  The facts in *Ft. Smith & Western Ry. Co. Case, supra,* fail to bring that case within the exception to the general rule requiring notice, and it is correctly stated in the syllabus of the opinion that:

"A proceeding in error brought in this court on a case-made, where it does not appear from the record or otherwise that the defendant was present, either personally or by counsel at the settlement, nor that notice of the time thereof was served or waived, nor the date of the signing and settlement, nor what amendments suggested were allowed, or disallowed, will be dismissed on motion of defendant in error."

The *Kansas Farmers' Mutual Fire Insurance Company v. Amick, supra,* was approved and followed by the territorial Supreme Court in *Symns Grocer Co. et al. v. Burnham, Hanna, Munger & Co.,* 5 Okla. 222, 47 Pac. 1059, in which latter case it appeared from the record that defendant in error had  suggested amendments, all of which had been allowed, and, in addition thereto, had waived notice of the time and place of settling the case-made, and a notice was held unnecessary.

We think that the rule so as to include the exceptions may be stated as follows:  A casemade, which has been signed and settled without notice to defendant in error of the time and place of signing and settling same, will not be considered, unless it appears: First, that defendant has waived such notice or appeared in person or by counsel at the time and place of settling same; second, that defendant suggested amendments all of which were allowed; third,

Vol. 26—25

that defendant suggested amendments all of which were allowed, except those that were immaterial. *Christie v. Carter,* 56 Kan. 166, 42 Pac. 708. In the case at bar, notice was not given and was not waived. It is not made to appear whether any amendments were suggested, or whether, if suggested, they were allowed.

It is contended by plaintiff in error that the order extending the time in which to make and serve the case-made does not require that notice of the time and place of settling same shall be given. The language of the order is not free from ambiguity and reads as follows:

"* * * It is hereby ordered by the court that a further extension of 30 days from said April 13, 1909, be granted to said defendant to make and serve a case-made on appeal to the Supreme Court in said cause and plaintiff be given until June 1, 1909, to suggest amendments and five days in which to settle case."

Defendant in error was plaintiff below. If it was not intended by the last clause of that portion of the order quoted above to require that he should have five days' notice of the settlement of the case, then the order provides that defendant in error be given until June 1, 1909, to suggest amendments and five days in which to settle the case. But defendant in error was not attempting to settle the case, and to so construe this language of the order not only leads to an absurdity, but convicts the trial judge of an attempt to deprive defendant in error of notice of the time and place of settlement of the case if he has such power. We think no such meaning is contemplated by the order, but it was intended that defendant in error should have five days' notice of the settlement of the case.

For the foregoing reasons, the petition for rehearing is denied, and the cause dismissed.

All the Justices concur.