## PIONEER TELEPHONE & TELEGRAPH CO. v. DAVIS.

### No. 801.    Opinion Filed May 10, 1910.

#### (109 Pac. 299.)

1.  **APPEAL AND ERROR—Record—Settlement of Case—Necessity of Notice.** No reason exists why notice should be served upon attorneys of record to appear at the time of settling of the case other than that the parties may have their suggestions considered and if approved, adopted: but where, as in this case, it is stipulated and agreed between the parties that the case-made contains a full, true, correct, and complete copy and transcript of all the proceedings in said cause, including all pleadings filed and all proceedings had, all the evidence offered and introduced, all the orders and rulings made, and exceptions allowed, and all the records upon which the judgment and journal entry in said cause were made, the same is a full, true, correct, and complete case-made, the defendant in error has no cause for complaint.

2.  **APPEAL AND ERROR—Record :— Extrinsic Evidence to Show Jurisdiction.** Where a case has been brought to the Supreme Court upon a case-made and not upon a transcript, the rulings of the lower court or of the judge thereof complained of and assigned for error must be shown by and embodied in the case-made itself, and they cannot be shown by any other or by extrinsic evidence, but other matters or things to make the case reviewable may generally be shown by extrinsic evidence, or, in other words, by evidence outside of the case-made: and therefore, where it did not appear from the face of the case-made that the case was made and served within the time prescribed by law or by any order of the lower court or the judge thereof, **held,** that it may be shown by extrinsic evidence in this court that the case was in fact made and served within the proper time.

(Syllabus by the Court.)

*Error from District Court, Muskogee County; G. A. Brown, Judge.*

Action between the Pioneer Telephone & Telegraph Company and J. W. Davis, special administrator of J. L. Davis. From the judgment, the telephone and telegraph company brings error. On motion to dismiss. Overruled.

*J. B. Furry* and *S. H. Harris,* for plaintiff in error.

*S. R. Taylor,* for defendant in error.

KANE, J.   This cause comes on to. be heard upon a motion to dismiss by defendant in error, upon grounds which may be epitomized as follows: (1) The defendant in error was not served with notice. of the time and place of presenting the case-made to the trial judge for settling and signing. (2) The case-made was not filed with the clerk of this court within the time allowed by the trial court.   (3) Because the case-made was not served on the defendant in error nor his attorney of record, nor was there a copy of the original case-made filed with the clerk of the Supreme Court.

On page 109 of the case-made we find the following stipulation:

"It is hereby stipulated. and agreed by and between the parties hereto that the foregoing case-made contains a full, true, correct, and complete copy and transcript of all the proceedings in said cause, including all pleadings filed and proceedings in said cause, including all pleadings filed and proceedings had, all the evidence offered and introduced, all the orders and rulings made, and exceptions allowed, and all the records upon which the judgment and journal entry in said cause were made, and the same is a full, true, complete, and correct case-made."

This stipulation precludes the defendant in error from taking advantage of the first ground of dismissal.   When he stipulated that the case-made as presented and served upon him was correct, he waived all further right to make amendments, and also the right to notice of the signing and settling of the case-made by the judge.   In *Symms Grocer Co. et al. v. Burnham et al.,* 5 Okla. 222, 47 Pac. 1059, it was held:

"No other reason exists that we are aware of why notice should be served upon attorneys of record to appear at the time of settling of the case other than that the parties may have their suggestions considered, and, if approved, adopted; but where, as in this case, all of the amendments suggested by the attorney for the defendant in error were accepted by the plaintiff in error and incorporated into the case-made, the defendant in error can have no cause for complaint."

The foregoing case follows *Fire Ins. Co. v. Amick,* 36 Kan. 99, 12 Pac. 338, where it was held that:

"The reason that notice is required to be given to the defendant in error is that he may appear and have the case-made amended in accordance with his suggestions. If the amendments suggested by the defendant in error are made by the judge, he cannot complain of the want of notice. Nor is there cause for complaint if the amendments disallowed are immaterial."

The foregoing authorities have been followed by this court in a great many cases, the most recent of which is *First National Bank v. Daniels, infra,* 108 Pac. 748.

The court, after granting time in which to prepare and serve the case-made, suggest amendments, etc., entered a further order as follows:

"And execution by the court stayed for ten days to allow the defendant to file *supersedeas bond and if said bond is filed* within said ten days the execution herein is by the court stayed for a time of one hundred and twenty-five days to allow the defendant to file petition in error in the Supreme Court."

Counsel for defendant in error argues "that the case-made was not filed in this court with. the clerk hereof within the time allowed by the trial judge. The defendant below was given 90 days to prepare case-made and serve same, the plaintiff below was given 10 days to suggest amendments, the court reserved 5 days to settle, sign, and file the same—making a total of 105 days. The motion for a new trial was overruled and judgment rendered on the 21st day of December, 1908, and the case-made was filed in this court on the 23d day of April, 1909, making 123 days." This seems to be within the time allowed by the trial judge.

The judge states in his certificate that the case-made was served in due time. Besides, there is on file in this court an affidavit of the attorney who prepared the case-made to the effect that the case-made was duly served on the attorney for the defendant in error, who kept the same several days and returned it to affiant, saying that he had no amendments to suggest to it, and signed the stipulation set out in full above; that said case-made was served upon counsel for defendant in error within the time allowed by

the order of the court, and it was agreed that the case-made should be sent to the judge who tried the case below, at his home in Mangum, which was done, all of which was within 100 days from the date of the final order in said case. In *Jones et al. v. Kellogg,* 51 Kan. 263, 33 Pac. 997, 37 Am. St. Rep. 278, it was held:

"Where a case has been brought to the Supreme Court upon a case-made and not upon a transcript, the rulings of the lower court or of the judge thereof complained of and assigned for error must be shown by and embodied in the case-made itself, and they cannot be shown by any other or by extrinsic evidence; but other matters or things to make the case reviewable may generally be shown by extrinsic evidence, or, in other words, by evidence outside of the case-made; and therefore, where it seemed from the face of the case-made that the case was not made and served within the time prescribed by law or by any order of the lower court or the judge thereof, held, that it may be shown that the case was in fact made and served within the proper time by a duly certified transcript of an order of the judge of the district court showing that the time for making and serving the case had been extended by the judge."

See, also, *Russell v. Anthony,* 21 Kan. 450, 30 Am. Rep. 436; *Farlin v. Sook,* 26 Kan. 397; *Dunn v. Travis,* 45 Kan. 541, 26 Pac. 247.

The motion to dismiss must be overruled.

All the Justices concur.