## HARRISON *et al.* v. PENNY.

No. 2076. Opinion Filed March 21, 1911.

(114 Pac. 734.)

APPEAL AND ERROR—Settlement of Case-Made—Necessity for Notice. Where no notice of the time of settlement of a case-made is given or waived, and there is no appearance of the opposite party either in person or by counsel, a case so settled is a nullity, and no jurisdiction is vested in this court to decide any question arising thereon.

(Syllabus by the Court.)

*Error from Lincoln County Court; Fred A. Wagoner, Judge.*

Action between Gracie and Granville Harrison and E. S. Penny. From the judgment the Harrisons bring error. Dismissed.

*Malcolm D. Owen,* for plaintiffs in error.
*W. L. Johnson,* for defendant in error.

DUNN, J. This case presents error from the county court of Lincoln county. A motion has been lodged in this court by counsel for defendant in error, seeking to secure a dismissal of the same, for the reason, among others, that no notice of the time of the settlement of the case-made was given or waived, and there was no appearance of the opposite party either in person or by counsel at the time of the settlement of the case-made. It appears that the case was served on counsel for defendant in error on the 18th day of October, 1910, and the certificate of the trial judge shows the same to have been settled on the same day. There is no showing that there was any notice of the time or place of settlement given or waived; nor was there any appearance of counsel, nor were any amendments suggested. The question presented has been settled in this court by the case of *Ft. Smith & Western Ry. Co. v. State National Bank of Shawnee*, 25 Okla. 128, 105 Pac. 647. In that case we held as follows:

"A proceeding in error, brought to this court, on a case-made, where it does not appear from the record or otherwise that the defendant was present either personally or by counsel at the settlement, nor notice of the time thereof was served or waived, nor the date of the signing and settlement, nor what amendments suggested were allowed or disallowed, will be dismissed on motion of the defendant in error."

See, also, Burdick in his work on New Trials and Appeals, § 233; *Weeks v. Medler*, 18 Kan. 425; *M., K. & T. Ry. Co. v. Roach et al.*, 18 Kan. 592.

It therefore follows that the motion filed by counsel for defendant in error must be sustained.

All the Justices concur.