## RICHARDSON v. THOMPSON.

No. 3166.    Opinion Filed May 14, 1912.

(124 Pac. 64.)

1.   **APPEAL AND ERROR**—Dismissal—Grounds.    A proceeding in
     error, brought to this court on a case-made, where it does not ap-
     pear from the record or otherwise that the defendant was pres-
     ent, either personally or by counsel, at the settlement, or that
     notice of the time thereof was served, or waived, or what amend-
     ments suggested, if any, were allowed or disallowed, will be dis-
     missed on motion of defendant in error.

2.   **SAME**—Effect of Appearance.    The entering of a general appear-
     ance by the defendant in error in a proceeding in error in this
     court does not waive the right to object to the sufficiency of the
     case-made, where it is shown that neither the defendant in error
     nor his counsel waived, or were given notice of, the time and
     place of the signing and settling of the same, when no amend-
     ments are suggested.

(Syllabus by the Court.)

*Error from Okmulgee County Court;*
*George A. Johns, Judge.*

Action between Thomas E. Richardson and Joseph N.
Thompson.    From the judgment, Richardson brings error.    Dis-
missed.

*Eaton & Carter,* for plaintiff in error.

*Mathews & Ellison,* and *Van H. Albertson,* for defendant in
error.

DUNN, J.    This case presents error from the county court
of Okmulgee county.    October 12, 1911, there was filed in that
court a petition in error with a purported case-made attached.
April 24, 1912, defendant in error filed a motion to dismiss the
same, for the reason, among others, that neither the defendant in
error nor his counsel was present at the settlement of the said
case-made by the court below; nor was any notice of the time
thereof served on the defendant in error or his counsel; nor was

a notice of said settlement or the right to be present at said settlement waived by the defendant in error or his counsel. An inspection of the case-made verifies the facts stated in the motion; and, furthermore, that no amendments were offered. It is contended in the answer brief that, by reason of defendant in error having entered his general appearance in this cause, he is not entitled to be heard to complain that he was not present at the time the case-made was settled and signed. As the conclusion to which we have come necessitates a dismissal of the case, it will not be necessary to consider the other causes assigned.

It is the settled rule of this court, under numerous authorities, on a proceeding in error, brought on a case-made, where it does not appear from the record or otherwise that the defendant was present, either personally or by counsel, at the settlement, or that notice of the time thereof was served or waived, or what amendments suggested, if any, were allowed or disallowed, that the same will be dismissed on motion of defendant in error. *First Nat. Bank of Collinsville v. Daniels,* 26 Okla. 383, 108 Pac. 748; *Ft. Smith & W. R. Co. v. State Nat. Bank of Shawnee,* 25 Okla. 128, 105 Pac. 647, and authorities therein cited. The signing and settling of a case-made is a judicial act; and, in order that the trial judge may acquire jurisdiction to act, it is essential that notice of the time and place of the signing and settling of the case-made be either given or waived, or that amendments suggested be allowed; and where this is not done the signing and settling of the case-made is without force or effect.

Nor will the entering of a general appearance by the defendant in error waive this defect. *J. W. Ripey & Son v. Art Wall Paper Mills,* 27 Okla. 600, 112 Pac. 1119.

The motion to dismiss must be sustained.

TURNER, C. J., and HAYES, WILLIAMS, and KANE, JJ., concur.