## GLOBE SURETY CO. v. FIRST STATE BANK OF HEWETT.

No. 6717. Opinion Filed April 25, 1916.
(157 Pac. 316.)

**APPEAL AND ERROR—Record—Settlement of Case-Made.** A notice of settlement of case-made on "the second day of August, 1914. at ten o'clock a. m., or as soon thereafter as counsel can be heard," does not justify a settlement of such case-made on August 7th, where counsel for defendant in error neither appeared at settlement. made any suggestions of amendments. nor waived the notice.

(Syllabus by Burford, C.)

*Error from District Court, Carter County;*
*Stillwell H. Russell, Judge.*

Action by the First State Bank of Hewett, Oklahoma, against the Globe Surety Company on an employee's bond. Judgment for plaintiff, and defendant appeals. Dismissed.

*J. B. Champion* and *J. A. Bass,* for plaintiff in error.

*Potterf & Walker,* for defendant in error.

Opinion by BURFORD, C. In this case defendant in error has filed a motion to dismiss. The case-made contains the following notice of settlement thereof (omitting the caption) :

"You are hereby notified that on the 2d day of August, 1914, at ten o'clock a. m., or as soon thereafter as counsel can be heard, the case-made in said cause may be presented to Honorable A. Eddleman, Judge of the District Court, successor of Honorable Stillwell H. Russell, now deceased, before whom said cause was tried, at the chambers of Hon. A. Eddleman, in the city of Ardmore, Oklahoma, for settlement."

The certificate of the trial judge to the case-made is dated August 7, 1914, and contains the recital:

"That the foregoing was presented to me as a case-made in the action above entitled, the plaintiff having been notified in writing of the settlement of said case-made, and having failed to appear, and the defendant appearing by J. A. Bass and Champion and Champion, its attorneys, and no amendments having been suggested within the time allowed by the order of the court, I now settle the same. * * *"

No other "notice in writing" except that above quoted is shown in the record, and it must be assumed that the notice shown is the one to which the trial court referred.

In *First National Bank v. Daniels,* 26 Okla. 383, 108 Pac. 748, this court, speaking of notice of settlement of case-made, said:

"We think that the rule so as to include the exceptions may be stated as follows: A case-made, which has been signed and settled without notice to defendant in error of the time and place of signing and settling same, will not be considered, unless it appears: First, that defendant has waived such notice or appeared in person or by counsel at the time and place of settling same; second, that defendant suggested amendments all of which were allowed; third, that defendant suggested amendments all of which were allowed, except those that were immaterial."

The Daniels Case was one where no notice of the settlement of the case had been served. The same doctrine has been set out in many cases by this court. In *Wood et al. v. King,* 49 Okla. 98, 151 Pac. 685, a notice in language almost identical with that of the notice in the case at bar was held to amount to no notice at all, where the case was not settled until the third day after the specific

time stated in the notice.    Under the doctrine of that'
decision, this case-made is a nullity.    It is true that the
certificate recites that no amendments were suggested
within the time fixed by the court, but see *School District
v. Griffith,* 33 Okla. 625, 127 Pac. 258, and *Gordon et ux.
v. Allen,* 54 Okla. 543, 153 Pac. 1176, where the case was
dismissed for lack of notice, though no amendments had
been suggested, and *Ft. Smith & Western v. State Nat.
Bank,* 25 Okla. 128, 105 Pac. 647, where it is said:

"The preparation of the case to be filed in this court is
primarily the duty of counsel for plaintiff in error.    It is
his duty, if bringing a complete case-made of the entire
proceedings to this court, to insert therein all the proceed-
ings of the trial, and, if he seeks to bring here so much of
the record only as will present the question at issue, then
it is his duty to bring all of the proceedings which bear
upon it.    It is the duty of counsel for defendant in error,
on receiving the case-made, to offer such amendments as
he deems essential to present any fact of importance to
him not shown by the case as presented to him.    These
amendments, if agreed to by counsel for plaintiff in
error, should then be prepared and inserted in the case-
made just as suggested.    Whereupon notice of time and
place of submitting the same to the judge, in accordance
with the time previously fixed by the court or judge who
tried the case, should be given, and the evidence thereof
made a part of the case-made.    At the time and place
fixed therein, or at such further time or place as may be
fixed by notice, it is the duty and right, unless waived, of
both counsel to appear before the judge to aid in the final
settlement of the record as it is to be ultimately submitted
to the court.    One of the rights to which counsel for de-
fendant in error is entitled, and of which he cannot be
arbitrarily deprived in such cases, is this notice of the
time and place of settlement of case-made."

Even though counsel for defendant in error suggested no amendments within the time fixed by the court, we apprehend that, if he had been present at the settling of the case-made and then had suggested proper amendments, the trial court would not have refused to hear them upon the ground of laches, and furthermore counsel for defendant in error is entitled to be present at the time the case-made is finally settled and filed as a record of the court, to see what changes, if any therein, are then made or have been made since the service of the record upon him and his examination of it, and that such changes, if any, are proper. The trial judge, of his own motion, may make changes in the case-made before certifying to it, if he finds that the case-made as presented is incorrect. Certainly counsel for defendant in error has a right to be present when these final acts are done.

The appeal is dismissed.

By the Court: It is so ordered.