## KEENAN v. CHASTAIN et al.

No. 6155—Opinion Filed May 29, 1917.

(164 Pac. 1145.)

(Syllabus by the Court.)

**1. Motions—Orders Made Out of Court—Entry.**

Section 5317, Rev. Laws 1910, requiring orders made out of court to be forthwith entered on the journal of the court by the clerk, is directory, and compliance with said requirement that such orders be so entered is not essential to the validity of such orders, nor is it necessary that the case-made show affirmatively the recording thereof.

**2. Appeal and Error—Fundamental Question of Jurisdiction.**

The fundamental question of jurisdiction, first, of the appellate court, and then of the court from which the record comes, presents itself on every writ of error or appeal, and must be answered by the court, whether propounded by counsel or not.

**3. Appeal and Error—Rehearing—Overruling.**

The Supreme Court may grant a rehearing of an overruled motion to dismiss an appeal.

**4. Appeal and Error—Case-Made—Notice.**

The defendant has a right to notice of the time and place of the settlement of a case-made, and where no such notice is given or waived, and there is no appearance by the defendant in error, either in person or by attorney, the case-made is fatally defective.

**5. Same—Waiver of Notice—Amendment.**

The suggestion of amendments to a case-made where the record shows that one of them was disallowed by the trial court, without showing its materiality, does not constitute a waiver of notice of the time and place of settlement.

Error from District Court, Cherokee County; John H. Pitchford, Judge.

Action by M. L. Allen against the guardian of Robert Chastain, a minor, and others. Judgment against Bruce L. Keenan, purchaser of land at sheriff's sale, and he brings error.

On second petition for rehearing and motion to dismiss appeal. Former opinion, published in 157 Pac. 326, withdrawn, and appeal dismissed.

Bruce L. Keenan, for plaintiff in error.

Asbery Burkhead, for defendants in error.

KANE, J. This cause is now before the court on second petition for rehearing and motion to dismiss appeal. The facts out of which this proceeding arose are briefly as follows: Originally this was a suit to foreclose a mortgage upon certain land in Cherokee county. The mortgage was foreclosed, and the property sold to satisfy the judgment rendered, Robert Chastain, who was a minor, by his guardian, filed his objections to the confirmation of the sale. Upon hearing said objections the court sustained the same and set aside the sale. It is from the order refusing to confirm the sale that this proceeding in error is prosecuted. The appeal was dismissed sua sponte in an opinion by Mr. Commissioner Davis, and upon petition for rehearing being filed Commissioner Davis wrote a second opinion, adhering to the former opinion dismissing the appeal. A motion to dismiss the appeal was filed and overruled by the court prior to the opinions by Commissioner Davis.

In the original opinion dismissing the appeal the first two grounds for dismissal, as stated in the syllabus, are in effect: (1) For the reason that the journal entry of judgment did not bear the filing mark of the clerk of the court, or other indication that it had ever become a part of the record in the case; (2) that a recital in the case-made that certain orders had been made extending the time to make and serve case-made must show affirmatively that they have been entered of record. These two points have been expressly overruled by this court subsequently in St. L. & S. F. R. Co. v. Taliaferro, 58 Okla. 585, 160 Pac. 610. In an opinion by Mr. Justice Hardy the court said:

"Section 5317 (Rev. Laws 1910), requiring orders made out of court to be forthwith entered on the journal of the court by the clerk, is directory, and compliance with said requirement that such orders be so entered is not essential to the validity of such orders, nor is it necessary that the case-made show affirmatively the recording thereof."

Thus it will be seen that the first two grounds upon which the opinion dismissing this appeal is based are now overruled, and said holding should be set aside.

However, the appeal must be dismissed upon another ground. It is conceded that no notice of the time and place to settle and sign case-made was served upon the defendant, and that he was not present when the same was signed and settled by the trial judge. It is settled law in this jurisdiction that the defendant has a right to notice of the time and place of the settlement of a case-made, and where no such notice is given or waived, and there is no appearance by the defendant in error, either in person or by attorney, the case-made is fatally defective. Southwestern Surety Co. v. Going, 48 Okla. 460, 150 Pac. 488; Moore v. Howard Merc. Co., 40 Okla. 491, 139 Pac. 524; Ft. S. & W. R. Co. v. State Nat. Bank, 25 Okla. 128, 105 Pac. 647; First Nat. Bank v. Daniels, 26 Okla. 383, 108 Pac. 748; Lister v. Williams, 28 Okla. 302, 114 Pac. 255; Harrison v. Penny, 28 Okla. 523, 114 Pac. 734; Foral v. Bogle, 44 Okla. 805, 146 Pac. 706.

To meet this counsel for plaintiff in error contends: (1) That after the overruling of the motion to dismiss in the first instance by the court, that action became res adjudicata, and thereafter the court was without authority to dismiss the appeal upon substantially the same grounds as were urged in the former motion to dismiss; (2) that inasmuch as defendant in error suggested amendments to the case-made, some of which were incorporated therein by the trial court, he thereby waived his right to notice of the time and place of settlement of the case-made. Neither of these contentions can be sustained.

The fundamental question of jurisdiction, first, of the appellate court, and then of the court from which the record comes, presents itself on every writ of error or appeal, and must be answered by the court, whether propounded by counsel or not. Defiance Water Co. v. Defiance, 191 U. S. 184, 24 Sup. Ct. 63, 48 L. Ed. 140; 3 Cyc. 182.

It is also well settled that the Supreme Court may grant a rehearing of an overruled motion to dismiss an appeal. Bd., etc., City of Frankfort v. Farmers Bank, 105 Ky. 811, 49 S. W. 811; 3 Cyc. 198.

On the second proposition raised by counsel the record shows that counsel for defendant in error offered four suggestions of amendments, and that only three of them were allowed by the trial court. It has been held that the reason why attorneys of record are entitled to notice to appear before the judge at the time of settling a case-made upon appeal to the Supreme Court is in order that their suggestions may be considered, and, if approved, adopted. Symns Grocer Co. et al. v. Burnham, etc., Co., 5 Okla. 222, 47 Pac. 1059; Pioneer Tel. & Tel. Co. v. Davis, 26 Okla. 205, 109 Pac. 299. Under this rule, where suggestions of amendments are made by counsel and all incorporated in the case-made by the trial court, no good reason appears why notice should be served upon attorneys of record to appear at the time of settling the case-made. In the case at bar, however, whilst amendments were suggested, they were not all allowed and incorporated in the case-made, and counsel, not having been served with notice and not being present, had no opportunity to urge the allowance of the rejected suggestion, which, for aught we know, may have been very material to his case. We think in these circumstances the motion to dismiss herein is governed by the general rule that, a proceeding in error brought to this court on a case-made, where it does not appear from the record or otherwise that the defendant was present, either personally or by counsel at the settlement, or that notice of the time thereof was served or waived, or what amendments suggested, if any, were allowed or disallowed, will be dismissed on motion of defendant in error. If all the suggestions made were allowed by the court, the rule probably would be different.

As this opinion covers all questions raised by the motion necessary to be passed upon, all former opinions are hereby withdrawn.

For the reasons stated, the appeal must be dismissed.

All the Justices concur.