## LUCY P. RHOADES v. CARRIE RHOADES.
### No. 250.

APPELLATE JURISDICTION—*case-made settled after time expired and also without notice, does not confer.* The case-made was settled by the trial judge eighty-one days after his term had expired and eighty-nine days after final judgment, without notice to defendant in error or waiver of notice—the record being silent as to notice or waiver thereof and as to the suggestion or waiver of suggestion of amendment—under an order made at the time of entering final judgment, as follows : " And seventy days are given the defendant in which to make and serve a case for the Supreme Court on the attorneys for plaintiff, and fifteen days thereafter are given plaintiff in which to suggest amendments, and the case to be settled on three days' notice in writing to be given by either side." *Held*, that such case-made was settled too late, under said order, and that the ex-judge had no authority to settle the same without the notice provided for in such order, or a waiver thereof.

Error from Butler District Court. Hon. C. A. Leland, Judge. Opinion filed November 16, 1897. *Dismissed.*

*F. L. Jones*, for plaintiff in error.

*A. L. Redden*, for defendant in error.

MILTON, J. Defendant in error has filed a motion to dismiss the petition in error, assigning two reasons. Only one of these requires consideration, and is as follows :

" That notice of settlement of the case-made was not given nor waived ; that defendant in error was

not present, in person or by an attorney, at the settlement, and did not suggest any amendment.''

On January 4, 1892, final judgment was entered in this action, the journal entry including the following order :

"And seventy days are given her [the defendant] in which to make and serve a case for the Supreme Court on the attorneys for plaintiff, and fifteen days thereafter are given plaintiff in which to suggest amendments, and the case to be settled upon three days' notice in writing to be given by either side.''

The case was served on March 10, 1892, and was settled on April 2, 1892, by Judge Leland, who had tried the action and whose term had expired in the preceding January.

One of two propositions may be true in respect to this settlement. To be valid, it could not have been made at a date later than eighty-eight days after January 4, 1892 ; or, if it could have been done at a later date, the three days' notice was an indispensable condition precedent. For the reasons given in considering the case of *Waterfield v. Bank*, post, we are led to the conclusion that the first proposition is correct. Eighty-nine days elapsed before the case was settled.

The record fails to show that notice of the settlement of the case-made was given or waived, and it is also silent as to the suggesting or waiving of amendments. In the case of *Weeks v. Medler* (18 Kan. 428), the court used the following language :

'' The mere signature of the district judge to the paper, a copy of which is presented to this court, as a case-made, is not a sufficient showing that the prerequisites to make the case a valid one were complied with. The jurisdiction of the judge to settle the case, is a special and limited jurisdiction, which only arises

RHOADES v. RHOADES.        741

Nov. 16, 1897.        Opinion.   Milton, J.        C. Div.

at the times and under the circumstances specified by law ; and in the absence of any appearance of the opposite party, or a waiver of amendments, it should appear from the record, that the case had been duly served, and that amendments had been suggested, or waived, or, that such opposing party had notice of the time and place of the settling of the case.   In other words, the record should show affirmatively, the previous steps necessary to the settlement of the case, in the absence of the appearance, or waiver thereof, by the opposing party." See further, *Waterfield v. Bank*, post, and cases there cited.

Counsel for plaintiff in error contends that the acknowledgment of service of the case-made and the entry of appearance, hereinbefore referred to, by the attorneys for defendant in error, and the written agreement as to what the case-made contained, should be held by us to be practically equivalent to a waiver of suggestion of amendments.   They also argue that if we so hold, it should then be declared that notice of the settlement was unnecessary.   We are unable to agree with this claim.   The matters we have pointed out are jurisdictional, and we cannot avoid giving them their proper force under the motion.

Notwithstanding the conclusion we have reached as to the invalidity of the case-made, we have read the record and the briefs upon the merits of the action, with the result that the judgment of the trial court is, in our opinion, correct.

The petition in error will be dismissed.