## WYANT v. WHEELER.

No. 3033.   Opinion Filed April 29, 1913.

(132 Pac. 137.)

**APPEAL AND ERROR—Case-Made—Notice of Settlement—Necessity.**
Though the case-made is served within the prescribed time, yet if the party is not served with notice of the time and place of its presentation for settlement, unless such an appearance was made as would operate to waive notice, or amendments as suggested by such party were allowed by the trial court, the case-made as settled cannot be considered in this court for any purpose.

(Syllabus by the Court.)

*Error from Superior Court, Pottawatomie County;*
*George C. Abernathy, Judge.*

Action between R. Wyant and L. Wheeler. From an adverse judgment, Wyant brings error and Wheeler moves to dismiss. Motion sustained.

*W. T. Williams* and *H. H. Smith,* for plaintiff in error.
*Blakeney & Maxey,* for defendant in error.

WILLIAMS, J. ·The plaintiff in error attempted to serve notice of the time and place of the presentment of the case-made for settlement by "delivery to Lena North, a person over fourteen years old, who was at the time clerk and

stenographer of said Blakeney & Maxey, and who was in and had charge of their office, and leaving with her personally a true and correct copy of said notice for said Blakeney & Maxey."

Section 6058,. Comp. Laws 1909 (Rev. Laws 1910, sec. 5310), provides:

"A motion is an application for an order, addressed to the court, or a judge in vacation, or by any party to a suit or proceeding, or one interested therein, or affected thereby."

Section 6060, Comp. Laws 1909 (Rev. Laws 1910, sec. 5312), provides:

"Where notice of a motion is required, it must be in writing, and shall state the names of the parties to the action or proceeding in which it is made, the name of the court or judge before whom it is to be made, the place where and the day on which it will be heard, the nature and terms of the order or orders to be applied for. * * *"

Section 6061, Comp. Laws 1909 (Rev. Laws 1910, sec. 5313), provides:

"Notices of motions, mentioned in this article, may be served by a sheriff, coroner or constable, the party or his attorney, or by any other person, and the return of any such officer or affidavit of any such person shall be proof of service; the service shall be on the party or his attorney of record, and in case there is more than one party adverse to such motion, service shall be made on each party or his attorney."

Section 6062, Comp. Laws 1909 (Rev. Laws 1910, sec. 5314), provides: "The service of a notice shall be made as is required by law for the service of a summons. * * *"

Section 5598, Comp. Laws 1909 (Rev. Laws 1910, sec. 4711), provides that the service of summons "shall be made by delivering a copy of the summons to the defendant personally or by leaving one at his usual place of residence with some member of his family over fifteen years of age, at any time before the return day."

In *Jones v. Balsley & Rogers,* 25 Okla. 344, 106 Pac. 830, 138 Am. St. Rep. 921, it was held that "no mode of service

of a case-made" was "prescribed by statute," and that, "if the opposite party or his attorney of record actually receive such case-made within the given time, it is immaterial whether it be · by mail, express, or otherwise; it being admitted that he actually received the same within such time."

It is not essential here to determine whether section 6062, *supra,* governs as to the service of the notice of the time and place of the presenting of the case-made for settlement, for it does not appear, that either Blakeney & Maxey, the attorneys for the defendant in error, or the defendant in error himself actually received said notice within the given time. Although the case-made was served within the prescribed time, yet it was essential for the opposite party to have notice of the time and place of its presentation for settlement, unless such an appearance was made as would operate to waive notice, or amendments as suggested by the opposite party were allowed by the trial court. *Thompson v. Fulton,* 29 Okla. 700, 119 Pac. 244; *Cobb & Co. v. Hancock,* 31 Okla. 42, 119 Pac. 627; *First National Bank v. Daniels,* 26 Okla. 383, 108 Pac. 748; Burdick on New Trials and Appeals (1907), sec. 233, p. 200, and authorities cited in footnote 171. Such was not the case.

The motion to dismiss the proceeding in error must be sustained.

All the Justices concur.