## DEEP RED OIL CO. v. SHORTRIDGE *et ux.*

No. 6193.    Opinion Filed February 29, 1916.

Rehearing Denied March. 14, 1916.

(155 Pac. 873.)

**APPEAL AND ERROR—Case-Made—Validity—Time for Signing and Settling.** In the absence of a waiver by the defendant in error a case-made signed and settled by the trial court before the expiration of the time granted for suggestion of amendments is a nullity.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Tillman County;*
*Frank Mathews, Judge.*

Action by J. M. Shortridge and wife against the Deep Red Oil Company. Judgment for plaintiffs, and defendant brings error. Dismissed.

*Wilson & Roe,* for plaintiff in error.

*Mounts & Davis, H. P. McGuire,* and *John E. Williams,* for defendants in error.

Opinion by RITTENHOUSE, C. `The record shows that a motion for new trial was filed on the 30th day of October, 1913, and overruled on the 13th day of November, 1913. The defendant was given an extension of 60 days from the 13th day of November, 1913, to make and serve a case-made, and ten days thereafter to suggest amendments; the same to be settled and signed on five days' notice. On December 31, 1913, the time was .extended from January 12, 1914, for 60 days to make and serve a case-made. On January 31, 1914, the case-made was served. Notice was given that the case-made would be offered to the Honorable Frank Mathews at his chambers in the courthouse in the city of Frederick, Tillman county, Okla., for settlement, signature and allowance on the 12th day of March, 1914, at the hour of 9 o'clock a. m. On that date the case-made was signed and settled by the trial judge, which was before the expiration of the time given to make and serve a case-made. A motion has been filed . to dismiss this appeal on the ground that the case-made is void because it was settled and certified by the trial judge in the absence of the defendants in error and their attorneys and without their consent, prior to the expiration of the time granted said defendants in error to suggest amendments thereto. This motion was verified, showing that the defendants in error did not suggest amendments and did not waive their right to suggest amend-

ments or waive the time allowed by law or by the court in which to suggest such amendments, and that neither defendants in error nor their attorneys were present when said case-made was settled and signed. An answer was filed to this motion which was supported by affidavit stating that H. S. Davis, one of the attorneys for the defendants in error, was present and stated in open court that he had no objection to settling and signing of said case-made, and no amendments were offered, and that thereupon said case-made was settled and signed upon such waiver. The affidavit of H. S. Davis is filed, in which he denies any knowledge of having made any waiver as suggested. Inasmuch as this is a controverted question of fact, this court will not attempt to decide it upon the affidavits, but will look solely to the record.

The rule in this state, as laid down in *Cummings v. Tate*, 47 Okla. 54, 147 Pac. 304, is that the defendant in error is entitled to the full time allowed for the suggestion of amendments after the expiration of the time allowed for making and serving the case-made, unless he waives the same; and from an examination of the record in this case we are confident that the same comes within the rule above laid down; that is, that the full time allowed for the suggestion of amendments after the expiration of the time allowed for making and serving case-made has not been given, and that the record does not show a waiver of the suggestion of amendments.

The cause should therefore be dismissed.

By the Court: It is so ordered.