### HUBBARD v. MEEK et al.

No. 4686—Opinion Filed July 11, 1916.

Motion to Reinstate Denied Oct. 3, 1916.

(160 Pac. 1128.)

**1. Appeal and Error—Case-Made—Settlement—Time.**

In the absence of a waiver by the defendants in error a case-made signed and settled by the trial court before the expiration of the time granted for suggestion of amendments is a nullity.

**2. Same.**

Where no notice of the time of settlement of a case-made is given or waived, and there is no appearance of the opposite party either in person or by counsel, a case-made so settled is a nullity, and no jurisdiction is vested in this court to decide any question arising thereon.

(Syllabus by Davis, C.)

Error from District Court, Pottawatomie County; Chas. B. Wilson, Jr., Judge.

T. G. Cutlip, for plaintiff in error.

W. S. Pendleton, H. H. Smith, and G. A. Outcelt, for defendants in error.

Action by J. F. Hubbard against May Meek, administratrix of the estate of W. H. Meek, deceased, E. J. Dickerson, M. H. Tennison, and the Farmers National Bank, a corporation. Judgment for defendants, and plaintiff brings error. Dismissed.

Opinion by DAVIS, C. The verdict of the jury was returned in the case and filed on July 20, 1912; motion for a new trial was filed by the defendants on July 23, 1912; judgment was rendered by the court on October 17, 1912, and on the same day the motion for a new trial was overruled. The judgment was filed in the trial court October 30, 1912. On the 17th of October, 1912, an order granting the plaintiff, for good cause shown, thirty days in which to make and serve case-made, and ten days in which to suggest amendments, and the same to be settled and signed on five days' notice in writing by either party, was made by the court. Thus it will be readily seen from the above and foregoing that the defendants had ten days after the 16th day of October, 1912, or until

November 26, 1912, in which to suggest corrections and amendments in the case-made, unless they saw fit to waive same. There is no waiver on the part of the defendants or any of them as to the suggestions of corrections and amendments to this case-made —absolutely none There is no notice to them or either of them of the settling and signing of said case-made—none. There is nothing in this record to show that the defendants were present in person and by counsel when the same was settled and signed by the trial judge—nothing. Service of the case-made by acceptance was had on counsel of record for two of the defendants on October 25, 1912, and for two of the defendants on October 26, 1912. The trial judge settled and signed the case-made on November 22, 1912. Under these conditions and circumstances, and as is plainly manifest, the court settled and signed the case-made herein four days before the time had expired as granted by the trial court in which defendants were allowed to make their suggestions of corrections and amendments thereto.

"In the absence of a waiver by the defendant in error a case-made signed and settled by the trial court before the expiration of the time granted for suggestion of amendments is a nullity. * * *

"The rule in this state, as laid down in Cummings v. Tate, 47 Okla. 54, 147 Pac. 304, is that the defendant in error is entitled to the full time allowed for the suggestion of amendments after the expiration of the time allowed for making and serving the case-made, unless he waives the same; and from an examination of the record in this case we are confident that the same comes within the rule above laid down; that is, that the full time allowed for the suggestion of amendments after the expiration of the time allowed for making and serving case-made has not been given, and the record does not show a waiver of the suggestion of amendments. The cause should therefore be dismissed." Deep Red Oil Co. v. Shortridge et ux., 56 Okla. 336, 155 Pac. 873; Deep Red Oil Co. v. Owen et ux., 56 Okla. 339, 155 Pac. 874.

"Where no notice of the time of settlement of a case-made is given or waived, and there is no appearance of the opposite party either in person or by counsel, a case-made so settled is a nullity, and no jurisdiction is vested in this court to decide any question arising thereon." Tracy et al. v. Dennis, 45 Okla. 208, 145 Pac. 772; Moon v. Howard Mercantile Co., 40 Okla. 491, 139 Pac. 524; Wyant v. Wheeler, 38 Okla. 68, 132 Pac. 137; The Syms Gro. Co. et al. v. Burnham, Hauna, Munger & Co., 5 Okla. 222, 47 Pac. 1059.

"It is a well established rule that if no notice of the time of settlement is given, or waived, and there is no appearance of the opposite party, either in person or by coun-

sel, the case so settled is a nullity." New Trials and Appeals, Kan.-Okla., p. 200; Ry. Co. v. Wingfield, 16 Kan. 217; Weeks v. Medler, 18 Kan. 425; Ry. Co. v. Roach, 18 Kan. 593; Gross v. Funk, 20 Kan. 655; Shadwell v. Hamilton, 24 Kan. 266; Boot & Shoe Co. v. Martin, 45 Kan. 765, 26 Pac. 424; Safford v. Turner, 53 Kan. 728, 37 Pac. 121; Bridge Co. v. Fowler, 55 Kan. 17, 39 Pac. 724; Christie v. Carter, 56 Kan. 166, 42 Pac. 708; Ry. Co. v. Greenwood, 1 Kan. App. 330, 41 Pac. 225; Rhoades v. Rhoades, 6 Kan. App. 739, 50 Pac. 972; Baker v. Hall, 29 Kan. 617.

These questions, going to the jurisdiction of this court on appeal, under the law, should be raised by the court sua sponte.

V. J. Howard et al. v. Freeman Arkansaw et al., 59 Okla. 206, 158 Pac. 437, and authorities therein collected and cited.

This appeal and proceedings in error are therefore dismissed.

By the Court: It is so ordered.