## STIEBER v. STIEBER.

No. 9831—Opinion Filed July 5, 1921.

(Syllabus.)

**1. Divorce—Grounds—Abandonment by Wife.**

Where the wife leaves the home of the husband and takes up her abode with her parents and refuses to return or live with the husband for a period of more than one year, the same amounts to abandonment within the meaning of subdivision 2 of section 4962, Revised Laws 1910; and where the evidence fails to disclose any good cause or reason for the wife leaving said home and refusing to live with her husband, the husband is entitled to a divorce upon the grounds of abandonment.

**2. Divorce—Appeal—Sufficiency of Evidence—Reversal.**

In a divorce action where the judgment of the trial court is clearly against the weight of the evidence, said judgment will be reversed on appeal.

**3. Appeal and Error—Settlement of Case-Made—Waiver as to Time.**

Where due notice is given of the time and place that a case-made will be presented to the trial judge for settlement and signature and the party upon whom said notice is served appears at the time and place designated in the notice, and suggests no amendments and makes no objection to the signing and settlement of the case-made on said date, although the time fixed therein for presenting said case-made to the judge for signing and settlement may be at a time earlier than it could be presented and signed, held, the voluntary appearance of the party at the settlement without objection operates as a waiver regarding the time when said case-made may be settled.

Error from District Court, Lincoln County; Chas. B. Wilson, Jr., Judge.

Action by Henry Stieber against Anna Stieber for divorce. From judgment denying divorce, plaintiff brings error. Reversed and remanded, with directions.

Erwin & Erwin, for plaintiff in error.

Jarrett & Speakman and Emery A. Foster, for defendant in error.

McNEILL, J. Henry Stieber commenced this action in the district court of Lincoln county against Anna Stieber for a divorce, upon the ground of abandonment continued for more than one year, to wit, from the

10th day of April, 1916, to the 12th day of April, 1917, when the petition was filed in this case. The defendant answered by way of general denial and cross-petition. On trial of the case to the district court, the court denied plaintiff a divorce and also denied the defendant a divorce. From said judgment the plaintiff has appealed.

For reversal there are but two questions presented; First, that the finding that plaintiff was not entitled to a divorce was clearly against the weight of the evidence. Second, that defendant in her cross-petition asked for a divorce upon grounds of extreme cruelty and plaintiff pleaded that said matter had been adjudicated in a former case where defendant was plaintiff and plaintiff was defendant and the court found that defendant was not entitled to a divorce on the ground of extreme cruelty.

The defendant has filed a motion to dismiss the appeal for the reason the case-made was signed and settled before the expiration of time to suggest amendments. The record disclosed that notice was served on the attorney for the defendant in error, who appeared at the time of settlement of case-made and suggested no amendments thereto and made no objections to the signing and settlement of the case-made at that time. The rule applicable to these facts is stated in 4 C. J. 362, as follows:

"The appellee or defendant in error may, either expressly or by implication, waive notice of the settlement or defects therein and such waiver may be shown by evidence out-side of the record. A voluntary appearance at the settlement without objection operates as a waiver."

Such was the holding in the case of Russell v. Anthony, 21 Kan. 451.

There are two lines of cases in this state which are apparently in conflict, to wit: The rule announced in the case of Southwestern Surety Ins. Co. v. Dietrich, 68 Oklahoma, 172 Pac. 51, which was followed and approved in the case of Miskovsky v. Vrba, 74 Oklahoma, 177 Pac. 614, and the rule announced in the cases of Sharp v. Sharp, 80 Okla. 17, 194 Pac. 100, and City of Enid v. McCann, 67 Oklahoma, 171 Pac. 452. These cases are apparently in conflict and the court in the case of Sharp v. Sharp, supra, and City of Enid v. McCann, supra, does not refer to the case of Southwestern Surety Ins. Co. v. Dietrich, supra. The cases dealt with different questions; one dealt with the proposition of what is a waiver, the other does not deal with the question of waiver, but simply holds the case-made under certain circumstances is a nullity. Neither line of cases is in point in this case, and it is unnecessary for us to state at this time which line of cases the court would follow, or if said cases can be distinguished, but the universal rule appears to be, where the parties appear and suggest no amendments and make no objections to the signing and settling of the case-made at said time, they thereby waive any defect by reason of notice or the time of signing and settling case-made.

The rule appears to be well settled in this and other jurisdictions that the husband has a right to choose the domicile, and if the wife refuses to accept said domicile, and without good cause refuses to live with the husband for more than one year and lives apart from him, it is abandonment and it constitutes abandonment under sub-division 2, sec. 4962, Rev. Laws 1910. DeVry v. DeVry, 46 Okla. 254, 148 Pac. 840. The evidence in this case is undenied that the defendant left the home of the plaintiff on the 10th day of April, 1916, and refused to return and has lived separate and apart from him since said time. This was testified to by the plaintiff and several other witnesses and admitted by the defendant. This being true, plaintiff was entitled to a divorce unless defendant had good cause for abandonment and refusing to reside with plaintiff..

The evidence as to why the defendant left the plaintiff was the evidence of herself, father, and mother. There is no evidence that the plaintiff was ever guilty of extreme cruelty or anything else; in fact, there is apparently no difference between the parties as far as they are concerned, except the imaginary idea of the father and mother of the defendant as to why she should not live with the plaintiff. If there is any just cause or reason why the defendant should abandon the plaintiff and refuse to live with him, it was not testified to by the defendant or her father or mother. The only thing testified to was that the plaintiff had told the father and mother, or at least the defendant's mother, not to come upon the place any more. This was after they had a quarrel. The plaintiff's evidence being uncontradicted that the defendant had abandoned and refused to live with plaintiff for more than one year prior to the commencement of the suit, and there being no evidence to disclose that defendant had good cause to refuse to live with plaintiff, it was error to refuse a divorce.

In a former action by defendant against plaintiff for a divorce, the court found the

defendant left plaintiff's home of her own free will.

For the reasons stated, the judgment of the district court is reversed and remanded, with directions to grant the plaintiff a divorce and to make such further orders regarding the children and property as may be just and proper, according to the circumstances as they now exist.

PITCHFORD, V. C. J., and MILLER, ELTING, and NICHOLSON, JJ., concur.