**RANNEY-DAVIS MERCANTILE CO. v. MORRIS et al.**

No. ·13255—Opinion Filed Jan. 11, 1923.

(Syllabus.)

**1. Appeal and Error—Time for Settlement of Case-Made—Waiver by Appearance.**

Where due notice is given of the time and place that a case-made will be presented to the trial judge for settlement and signature, and the party upon whom said notice is served appears at the time and place designated in the notice, and suggests no amendments and makes no objection to the signing and settlement of the case-made on said date, although the time fixed therein for presenting said case-made to the judge for signing and settlement may be at a time earlier than it could be presented and signed, held, the voluntary appearance of the party at the settlement without objection operates as a waiver regarding the time when said case-made may be settled.

**2. Same—Irregularity in Notice.**

Where due notice of the time and place of settling and signing a case-made for the Supreme Court has been given to the adverse party, such party cannot ignore such notice, or treat it as a nullity, although the time fixed in such notice for settling and signing such case-made be earlier than the case could properly be settled and signed. And where the judge of the court, in the absence of the adverse party, and without any objection from him or from any other person, settles and signs the case upon such a notice, and nothing further is done concerning the same, the Supreme Court will, in the absence of other irregularities, treat the case-made as valid.

**3. Same—Waiver by Appearance.**

Where no notice is given of the time and place of settlement of case, but all the parties appear for the purpose of signing and settling the case-made, and no amendments are suggested and no objection made to the signing and settling of the case-made upon said date, although it may be at an earlier time than it could be settled and signed, held, the voluntary appearance of the parties at the settlement of the case-made without objection operates as a waiver regarding the time when said case-made may be settled.

**4. Same—Time for Suggestion of Amendments.**

Whether the time in which to suggest amendments to the case-made begins to run from the time of the expiration of the time allowed within which. to serve case-made, and not from the time of actual service, depends upon the wording of the order of the court fixing the time to suggest amendments.

**5. Same—Invalidity of Case-Made—Lack of Notice of Settlement.**

Where no notice of the time of settlement of the case-made is given or waived, and there is no appearance by the opposite party either in person or by counsel, the case-made is a nullity, and this court acquires no jurisdiction to decide the question therein.

**6. Same—Decisions Overruled.**

The former opinions of this court announcing a contrary rule and in conflict with the rules of law above announced are hereby overruled.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action between the Ranney-Davis Mercantile Company and Tom Morris, A. L. Hanby, and C. T. Denney, partners, doing business as the Berry Canning Company. Judgment for the latter and the Mercantile Company brings error. Motion to dismiss denied.

Winfield Scott and A. M. Dean, for plaintiff in error.

Curran & Kruse, for defendants in error.

McNEILL, J. This is an appeal from the judgment of the district court of Garfield county in favor of defendants in error and against the plaintiff in error.

On the 11th day of March, 1922, the court made an order extending the time 30 days from the time theretofore granted to prepare and serve case-made, ten days thereafter given for the purpose of suggesting amendments, case-made to be signed and settled upon five days' notice. It is conceded the time for serving case-made would expire on April 16, 1922. The case-made was served upon the 27th day of March and at the same time a notice was given that the case-made would be presented for settlement and allowance on the 15th day of April, 1922. On

the 15th day of April, 1922, the defendants in error appeared by their attorneys and plaintiff in error appeared by its attorneys, no amendments were suggested nor objection made to signing and settling the case-made, and, the same was settled and signed by the court. Defendants in error now move to dismiss the appeal for the reason this court was without jurisdiction because the defendants in error had until the 26th day of April, 1922, in which to suggest amendments and the court had no jurisdiction to sign the case-made prior to said time.

The motion is not well taken. This court, in the case of Stieber v. Stieber, 82 Okla. 205, 200 Pac. 141, stated as follows:

"Where due notice is given of the time and place that a case-made will be presented to the trial judge for settlement and signature, and the party upon whom said notice is served appears at the time and place designated in the notice and suggests no amendments and makes no objection to the signing and settlement of the case-made on said date, although the time fixed therein for presenting said case-made to the judge for signing and settlement may be at a time earlier than it could be presented and signed, held, the voluntary appearance of the party at the settlement without objection operates as a waiver regarding the time when said case-made may be settled."

The facts relating to signing and settlement of the case-made are the same as the facts in the case above cited, and that decision controls this case.

In view of the fact that there are numerous motions pending to dismiss appeals where the facts are similar, and there is an apparent conflict in the decisions of this court, involving the question whether a case-made is a nullity if signed prior to the time it is authorized to be signed, when the opposite party was regularly served with notice and failed to appear or appeared and made no objection to signing and settling of the case-made, we have deemed it advisable to write an opinion attempting to settle these questions.

This court, in the case of Southwestern Surety Ins. Co. v. Dietrich, 68 Okla. 114, 172 Pac. 51, stated as follows:

"We are of the opinion that the true rule is, and we so declare it to be, that where a case-made is settled and signed by the trial judge prior to the time it might properly be settled and signed upon notice duly given of the time and place, and no appearance is made or amendments suggested, or objections offered by the party upon whom the notice was served, the case-made is not a nullity, but at most the action of the trial court is merely an irregularity which could be corrected upon application, by the party interested, to the trial court."

In support of this contention, the court cited the case of Gross v. Funk, 20 Kan. 655, which held as follows:

"Where due notice of the time and place of settling and signing a case-made for the Supreme Court has been given to the adverse party, such party cannot ignore such notice, or treat it as a nullity, although the time fixed in such notice for settling and signing such case-made be earlier than the case could properly be settled and signed. And where the judge of the court, in the absence of the adverse party, and without any objection from him or from any other person, settles and signs the case upon such a notice, and nothing further is done concerning the same the Supreme Court will, in the absence of other irregularities, treat the case as valid."

The Supreme Court of Kansas, in the case of Russell v. Anthony, 21 Kan. 450, stated as follows:

"The case-made is entirely silent upon these matters. But it is satisfactorily shown by evidence (outside of the case-made) introduced in this court that soon after the case was made, and within the time given by the court, the case was served upon one of the attorneys of record for the defendant in error, who then and there said it was 'all right'; and afterwards said case was settled and signed by the judge of the court below in the presence of said attorney, with his knowledge and without any objection from him. Under such circumstances, we think the five days' time was waived; that counsel consented that the case should then and there be settled and signed; and that the defendant in error cannot now be allowed to say that the case was settled and signed earlier than it should have been."

This court, in the case of Watson v. Shaffner, 77 Okla. 1, 184 Pac. 1016, attempted to distinguish the facts in that case from the rule laid down in the case of Southwestern Surety Ins. Co. v. Dietrich, supra, and stated as follows:

"The court as now constituted express grave doubts as to the correctness of the conclusion reached in that case. As the facts therein are not in all respects the same as in the instant case, we refrain from disturbing the opinion therein."

When the statements of facts are read in both cases, there is no distinction.

In Watson v. Shaffner this court cited the case of M., K. & T. Ry. v. City of Ft. Scott, 15 Kan. 435, and stated as follows:

"This case was decided in 1875, and was a construction of the statutes and laws of Kansas at the time we adopted the Kansas

Code of Procedure, and became the law of Oklahoma."

The opinion in the case of M., K. & T. Ry. Co. v. City of Ft. Scott did not pass upon the question of whether a case-made signed and settled prior to the time it might have been signed according to the order previously made was a nullity, or only irregular and voidable. In that case the second and third paragraphs of the syllabus, being the only ones that refer to this question, are as follows:

"(2) The statute allows three days after the time fixed for making and serving a case for the suggestion of amendments; and an extension of time for making and serving a case does not take away the three days for the suggestion of amendments, and such latter time commences to run, not from the date of the actual service of the case-made, but from the expiration of the period of extension.

"(3) Where, by the order of the court, 30 days are given in which to make and serve a case, it is settled and signed in time, if settled and signed within 33 days from the date of the order."

The question whether the case-made was a nullity or only irregular and voidable was not discussed, nor was the question of what constituted a waiver discussed or decided by the court. There is no complaint to find with the rule announced in the syllabus. Whether the time to suggest amendments begins to run from the date of the service of case-made or from the time fixed for serving the case-made of course must depend upon the wording of the order made by the court. The trial court could no doubt make an order providing that the party should have a certain number of days after the service of case-made to suggest amendments just as easy as he could make an order that the party have a certain number of days to suggest amendments after the time allowed for making and serving case-made.

In considering the case of Watson v. Shaffner this court did not consider the cases of Gross v. Funk nor Russell v. Anthony, supra, decided by the Supreme Court of Kansas, although the facts in those cases were almost identical with the facts in the case of Watson v. Shaffner, and those cases were decided by the Kansas court prior to the adoption of the Kansas Procedure by our Legislature, and after the case of M., K. & T. v. City of Ft. Scott. The Supreme Court of Kansas, in the case of First National Bank v. Valley National Bank, 61 Kan. 858, 59 Pac. 335, in a per curiam opinion held it was error for the court to sign and settle

the case-made prior to the time allowed by the different orders of the court over the objection of the opposing party. There is a difference between deciding that the lower court erred and in holding that the error rendered the proceedings void. There is a distinction between a case-made being void and one that is voidable, and that is the question that was discussed by this court in the case of Southwestern Surety Ins. Co. v. Dietrich, and also by the Supreme Court of Kansas in the cases of Gross v. Funk and Russell v. Anthony. This proposition was not referred to in the case of Watson v. Shaffner.

This court, in the cases of Reed v. Walcott, 40 Okla. 451, 139 Pac. 318; Memphis Steel Const. Co. v. Hutchison, 47 Okla. 72, 147 Pac. 771; Frey v. McCune, 49 Okla. 493, 153 Pac. 109; Sov. Camp of W. O. W. v. Chumley, 58 Okla. 681, 161 Pac. 1175; Wilson v. Branigan, 67 Okla. 67, 168 Pac. 819; and City of Enid v. McCann, 67 Okla. 68, 171 Pac. 452, announces the rule as fol lows, to wit:

"The time within which to suggest amendments to a case-made begins to run from the expiration of the time allowed within which to serve same, and not from the actual service thereof."

The above is a correct statement of the law, providing the order of the court contains language subject to such construction. The cases of City of Enid v. McCann, supra, Hubbard v. Meek, 61 Okla. 60, 160 Pac. 1128; Deep Red Oil Co. v. Shortridge, 56 Okla. 336, 155 Pac. 873; Deep Red Oil Co. v. Owen, 56 Okla. 339, 155 Pac. 874, and other cases contain the following language:

"And a case-made, signed and settled before the expiration of the time to suggest amendments, is a nullity."

This is an incorrect statement of the law, and is not supported by any of the prior Kansas cases that are relied upon to support the proposition that when the party has been served with notice of signing and settling the case-made, and said party ignores said notice, or appears and makes no suggestions, or offers no objections to the signing and settling of the case-made, the case is a nullity. The above cases and cases announcing the same rule are overruled. While it may be irregular for the trial court to sign and settle a case-made before the expiration of the time to suggest amendments, the case-made is not a nullity. Where the parties have been served with notice of the time and fail to appear, or appear and fail to make any objection to the signing and settling of the case-made, they will be

deemed to have waived the irregularity.

There is a line of cases which hold as follows:

"Where no notice of the time of settlement of a case-made is given or waived, and there is no appearance of the opposite party either in person or by counsel, a case-made so settled is a nullity, and no jurisdiction is vested in this court to decide any questyon arising thereon."

Among the cases supporting the above rule are the cases of Tracy v. Dennis, 45 Okla. 208, 145 Pac. 772; Moore v. Howard, 40 Okla. 491, 139 Pac. 524; Wyant v. Wheeler, 38 Okla. 68, 132 Pac. 137; Ft. Smith & Western Ry. Co. v. State Nat. Bank of Shawnee, 25 Okla. 128, 105 Pac. 647; First Nat. Bank v. Daniels, 26 Okla. 383, 108 Pac. 748; Lister v. Williams, 28 Okla. 302, 114 Pac. 255; Harrison v. Penny, 28 Okla. 523, 114 Pac. 734. We have no criticism to make of these decisions. But these cases do not support the contention that where notice is given, the party chn ignore the same or appear and make no objection to the signing and settling of the case-made, and then raise the question for the first time in the Supreme Court and be heard to say the case-made is a nullity.

We therefore conclude:

First. Where notice is given of the time and place the case-made will be presented to the trial court for settlement and signing, and the party upon whom said notice is served appears at the time and place designated in the notice and suggests no amendments and makes no objection to the signing and settling of the case-made on said date, the appearance of the party at the signing and settling of the case-made without objection to the time operates as a waiver regarding the time of settlement of the case-made.

Second. Where due notice of the time and place of settling and signing said case-made has been given to the adverse party, and such party ignores said notice and fails to appear, although the time fixed by said notice of the time of signing and settling said case-made be earlier than the time said case-made could be settled, and the court, in the absence of the adverse party, without any objection by him or any other person, signs and settles the case upon said notice, this court will treat the case-made as valid.

Third. Where no notice is given of the time and place of settlement of case, and all the parties appear, and no amendments are suggested and no objection made to the signing and settling of the case-made upon said date, although it may be at an earlier time than it could be settled and signed, held, the voluntary appearance of the parties at the settlement without objection operates as a waiver regarding the time when said case-made may be settled.

Fourth. Whether the time in which to suggest amendments to the case-made begins to run from the time of the expiration of the time allowed within which to serve case-made, and not from the time of actual service, depends upon the wording of the order of the court fixing the time to suggest amendments.

Fifth. Where no notice of the time of settlement of the case-made is given or waived, and there is no appearance by the opposite party either in person or by counsel, the case-made is a nullity, and this court acquires no jurisdiction to decide the question therein.

The motion to dismiss the appeal is overruled.

HARRISON, C. J., and JOHNSON, MILLER, KENNAMER, NICHOLSON, and COCHRAN, JJ., concur. KANE, J., concurs in the law announced in the first and third and fifth paragraphs of the syllabus.