### LANGLEY v. ALBERT et al.

No. 20199. Opinion Filed July 2, 1929.

Rehearing Denied Sept. 24, 1929.

Opinion Withdrawn, Refiled and Second Petition for Rehearing Denied Nov. 26, 1929.

Twyford & Smith, Leo G. Mann, and G. Lee Gibbs, for plaintiff in error.

Albert Rennie, for defendant in error Mary P. Gillett.

PER CURIAM. This is an appeal from a judgment of the district court of McClain county rendered on the 10th day of September, 1928. The motion for new trial was overruled on the 3rd day of October, 1928, notice of appeal was given, and by order of the court the time in which to make and serve case-made was extended 60 days in addition to the time allowed by law. Thereafter, on the 28th day of November, 1928, an order was made extending the time in which to make and serve case-made 60 days in addition to the time theretofore given, and the defendants were given 10 days thereafter to

suggest amendments and the case-made to be settled and signed upon 5 days' notice.

The time thus allowed in which to make and serve case-made expired on the 15th day of February, 1929, and the time in which the defendants were allowed to suggest amendments expired on the 25th day of February, 1929. The case-made was served on Mary P. Gillett on the 29th day of December, 1928, and upon the other defendants upon whom it was necessary to serve the same on the 7th day of January, 1929. On the last-named day, notice was served upon the defendants upon whom case-made was served that the case-made would be presented to the trial judge for settlement and signing on the 6th day of February, 1929. The place where said case-made would be presented to the trial court for settlement and signing is not designated in said notice. On January 31, 1929, Mary P. Gillett filed in said cause suggestion of amendments and notice that she desired to suggest additional amendments and objected to the settlement of the case-made on the 6th day of February, 1929. The case-made was presented to the trial judge and by him settled and signed "at Norman in McClain county,, Okla., on the 6th day of February, 1929." The defendant Mary P. Gillett has filed in this court her motion to dismiss the appeal upon the grounds that the case-made was settled and signed before the time in which to suggest amendments had expired and over her objection, she having not in any manner waived her right to suggest amendments, and for the further reason that the case-made was settled and signed in Norman, Cleveland county, while the notice was given that it would be settled in McClain county. Other reasons are assigned in the motion to dismiss which it will be unnecessary to notice.

A case-made settled and signed before the expiration of the time allowed for the suggestion of amendments thereto is a nullity, unless the right to suggest amendments is waived. Hart v. New State Bank, 58 Okla. 654, 100 Pac. 605; Hubbard v. Meek, 61 Okla. 60, 160 Pac. 1128; Chesnut v. Overholser, 75 Okla. 190, 182 Pac. 683; Hudgens v. State ex rel. Mills, County Attorney, 84 Okla. 249, 208 Pac. 200.

In this case the notice of the time of presentation of the case-made to the trial judge for settlement was duly served upon and accepted by Mary P. Gillett, but the place where said case-made would be presented to the trial judge is not specifically designated. It is limited only to McClain county, and from which the defendant was not informed as to where in said county case-made would be presented for settlement.

We take judicial notice that the town of Norman where the case-made was settled is not in McClain county, but the county seat of Cleveland county, and Mary P. Gillett was thereby deprived of her right to appear and object to the settlement of the case-made or to suggest further amendments. The certificate of the trial judge does not show she was present either in person or by attorney at the time the case-made was settled. She did the only thing possible, informed the trial court of her desire to suggest further amendments by filing with the clerk of the court, in which the case was pending, her objection to the settlement of the case-made on the date specified in the notice, and therein gave notice of her desire to suggest further amendments, and the rule announced by this court in the second paragraph of the syllabus of the case of Ranney-Davis Mercantile Co. v. Morris, 88 Okla. 107, 211 Pac. 1044, has no application to the condition in this case. It is essential that the parties know where the case-made will be presented for settlement, as well as to know when, and this court has in a number of cases held that, in the absence of a waiver, notice of the time and place the case-made will be presented to the trial judge must be duly given. Ranney-Davis Mercantile Co. v. Morris, supra; Brown v. Marks, 45 Okla. 711, 146 Pac. 707; Tracy v. Dennis, 45 Okla. 208, 145 Pac. 772.

The judgment appealed from in this cause is a several judgment. Mary P. Gillett is in no way interested in the subject-matter of the action embraced in that part of the judgment rendered in favor of the defendants in error John Albert, M. W. Thomas, A. H. Thomas, Bird Wilson, and A. C. Newman. Neither are the last-named defendants in error interested in the subject-matter of that part of the judgment rendered in behalf of Mary P. Gillett, and Mary P. Gillett is therefore an unnecessary party to enable this court to review the judgment against the other defendants in error, who have by stipulation waived their right to suggest amendments and notice of the time and place of settlement and signing case-made. The notice required by law to be given to Mary P. Gillett of the time and place of settlement of the case-made not having been given or waived, and the case-made settled and signed before the expiration of the time in which she had to suggest amendments without the same having been waived, such case-made is a nullity as to her and presents nothing to this court upon

which the judgment against her may be reviewed. The motion to dismiss the appeal as to Mary P. Gillett is sustained, and as to her the appeal is dismissed; as to the other defendants in error, who have waived the suggestion of amendments and notice of settlement, the motion to dismiss is denied.