**STEIL et al. v. FLY et al.**

No. 21607. Opinion Filed Nov. 29, 1932.

190

John C. Graves and Watts & Broaddus, for plaintiff in error.

E. L. Kirby, for defendant in error W. D. Fly.

PER CURIAM. This is an action brought by W. D. Fly, as plaintiff, against B. F. Sullivan and Rachel M. Sullivan, M. F. Steil, and Matt Steil, to have certain real estate conveyances from the Sullivans to the Steils canceled and set aside as given in fraud of creditors, and to subject the property to satisfaction of a judgment against B. F. Sullivan. Judgment was rendered in the district court of Wagoner county, December 19, 1929, in favor of plaintiff and against all of the defendants. The defendants filed separate motions for new trial, but on identically the same grounds. These motions were overruled on February 12, 1930, notice of appeal given, order made extending the time for service of case-made 90 days, ten days for amendments and five days for settlement. · Thereafter, upon application of the defendants M. F. Steil and Matt Steil, various orders were made granting additional time, the last on August 6, 1930, "granting until and including the 7th day of August, 1930, in which to prepare and serve case-made," and that the opposite parties have two days for suggesting amendments, the same to be settled on two days notice in writing by any of the parties.

It appears that no application was made by the Sullivans for additional time and no further extension granted them other than in the original order overruling the motion for new trial.

The Steils, by their attorney, served case-made on the plaintiff W. D. Fly, and on the remaining defendants M. F. and Matt Steil, on August 7, 1930; also served notice that the case-made with such amendments as might be suggested would be presented to the trial judge at his chambers in the city of Muskogee "on the 11th day of August, 1930, at 9 o'clock a. m., or as soon thereafter on said day as counsel can be heard." On August 11th, at 9 o'clock a. m., attorney for the plaintiff appeared and presented what is designated "Suggestion of Amendments. Notice of Desire to Suggest Additional Amendments. Objection to the Settlement of Case-Made on August 11, 1930." After the list of suggested amendments, the instrument closed with the following:

"The plaintiff herein hereby serves notice on the Honorable Enloe V. Vernor, district judge, and on all of the adverse parties hereto, that he reserves the right to and desires to suggest additional amendments to said case-made, within the statutory period provided by law, and now objects to the settlement of the case-made in this cause, on August 11, 1930, in furtherance of a notice served on this plaintiff on August 7, 1930, by the defendant herein. Dated August 11, 1930, at 9 o'clock a. m. E. L. Kirby, Attorney of Record for W. D. Fly, Plaintiff."

The certificate of the trial judge notes the appearance of attorney for plaintiff, and attorneys for defendants M. F. Steil and Matt Steil; finds that the case-made has been duly served on all the parties, and that defendants' notice of time to sign and settle same has been duly served upon the plaintiff and the remaining defendants; further recites that amendments suggested by the plaintiff are allowed and incorporated in the case-made. The case-made was signed by the trial judge on the 11th day of August, 1930, and filed in the district court of, Wagoner county on said date. Petition in error and case-made were filed in this court on August 12, 1930, the last day of the six-month period in which to file appeal.

The defendants B. F. Sullivan and Rachel M. Sullivan, not having joined in as plaintiffs in error, are made nominal defendants in error, but it appears there is no contest between them and the plaintiffs in error, and that their interests are identical.

W. D. Fly, the indispensable party defendant in error, has filed motion to dismiss the appeal, the material grounds being as follows:

"That said case-made was signed and settled by the trial judge over the objection and protest of this defendant in error, for that these defendants in error had not been allowed statutory time by order of the trial judge in which to suggest amendments, as provided by law, and which objection and protest of this defendant in error affirmatively shows that defendant in error desired to suggest additional amendments to said case-made."

Supplemental motion to dismiss and response and answer have been filed by said defendant in error and plaintiffs in error. It is admitted that the order attempting to limit the time for amendments to two days from August 7, 1930, is void, and that under section 785, C. O. S., 1921 [O. S. 1931, sec. 534] the defendant in error had three days from August 7th, or until and including August 10th, to offer amendments. It is further stated and admitted that August 10th was Sunday, a legal Holiday.

Movant contends that he had, under the law, until and including all of August 11th, in which to suggest amendments; that the signing and settling of case-made on Aug-

ust 11th and filing the same in the district court on said day, and over the objection to settlement and notice of intention to suggest further amendments, deprived him of statutory time allowed by law; that the case-made thus signed, settled, and filed is not valid, a nullity, and the attempted appeal should be dismissed.

Respondent contends, in substance, that the settlement of the case-made on August 11th was permissible and proper under the state of the record; that the movant had full statutory time in which to suggest amendments; that if he had until Monday, August 11th, for suggesting amendments, the day cannot be divided into fractional parts, and the act of settling the case-made may be considered as done at any time of the day, at the close as well as at any other time; and further contends that movant, by appearing and presenting certain suggestion of amendments, appeared generally and thereby submitted to the jurisdiction of the court and waived his right to further time.

In Kolb v. Hightower, 155 Okla. 1, 8 P. (2d) 23, in a recent opinion by Justice Andrews, the following rule of law is stated (syllabus 2):

"Sunday is a legal Holiday, and, under the provisions of section 884, C. O. S., 1921, where Sunday is the last day to suggest amendments to a case-made, the parties are authorized to suggest amendments thereto upon the Monday following."

In the Kolb Case, supra, the time for service of case-made was extended "to and including July 18, 1929," and was served on the 18th day of July. The plaintiff had three days in which to suggest amendments. In the body of the opinion the court said:

"* * * The rule for computing time is prescribed by section 884, C. O. S. 1921, and under that rule the plaintiff had all of July 21, 1929, to suggest amendments to the case-made. July 21, 1929, was Sunday. Sunday was a legal Holiday. * * * Under the provisions of section 884, supra, the plaintiff was authorized to suggest amendments upon the next business day with the same effect as if she had suggested them upon the day appointed. Under that rule the plaintiff had all of Monday, July 22, 1929, to suggest amendments to the case-made. Notwithstanding, that fact, the case-made was presented to the trial court and was settled and signed by the trial court on July 22, 1929, the order reciting that the plaintiff 'not here appearing or offering, in writing or otherwise, any suggestion of amendments in response thereto.' * * * It is evident that the case-made was settled, signed and filed in this court before the expiration of the time allowed by law for the plaintiff to suggest amendments thereto. The plaintiff did not waive that right. * * * The case-made was a nullity."

The respondent argues that, if the trial judge had no authority to consider and settle the case-made on Monday August 11, at 9 o'clock a. m., the time fixed in the notice, the movant should not have appeared and presented suggestion of amendments; that in so doing he invoked the jurisdiction and power of the court to sign and settle the case-made although he gave notice of his desire and intention to suggest additional amendments and objection to the settlement of the case-made as being premature. Authorities are cited supporting the general rule that, "if a defendant invokes the judgment of the court upon any question, except that of power of the court to hear and decide the cause, his appearance is general." Also, to the effect that "where a defendant appears in a case by filing a pleading, and invokes the jurisdiction of the court to grant him beneficial relief, and submits to the court for decision nonjurisdictional questions, such action recognizes the general jurisdiction of the court, and operates as a waiver of all irregularities that may have occurred in obtaining jurisdiction of such defendant." Respondent relies upon Ranney-Davis Mercantile Co. v. Morris, 88 Okla. 107, 211 P. 1044, wherein the court said:

"Where due notice is given of the time and place that a case-made will be presented to the trial judge for settlement and signature, and the party upon whom said notice is served appears at the time and place designated in the notice, and suggests no amendments and makes no objection to the signing and settlement of the case-made on said date, although the time fixed therein for presenting said case-made to the judge for signing and settlement may be at a time earlier than it could be presented and signed, held, the voluntary appearance of the party at the settlement without objection operates as a waiver regarding the time when said case-made may be settled."

From a casual examination of the record in the case at bar, it is apparent that the Ranney-Davis Mercantile Co. Case, supra, is not in point, for, in the instant case, amendments were suggested, notice of defendants' desire to offer additional amendments given, and objection made to the signing and settlement of the case-made on August 11th, while in the Ranney-Davis Mercantile Co. Case, there was an appearance of the time and place designated in the notice, but no amendments suggested and no objections made to the signing and settling of the case-made.

In Langley v. Albert, 140 Okla. 176, 282 P. 608, the appeal was dismissed because

the case-made was settled and signed before the expiration of the time allowed for the suggestion of amendments; held, that the same is a nullity unless the right to suggest amendments is waived. In that case the time allowed for service of case-made expired on the 15th day of February, 1929, and the time in which the defendants were allowed to suggest amendments expired on the 25th day of February, 1929. The case-made was served on Mary P. Gillett on the 29th day of December, 1928, and on the 7th day of January, 1929, notice of settlement was served to the effect that the case-made would be presented for settlement and signing on the 6th day of February, 1929. On January 31, 1929, Mary P. Gillett filed suggestion of amendments and notice that she desired to suggest additional amendments, and objection to the settlement of case-made on the 6th day of February, 1929. The case-made was presented to the trial judge and settled and signed on the 6th day of February, 1929. It was held that the case-made was settled and signed before the expiration of the time in which she had to suggest amendments, that the filing of the suggested amendments together with the objection by the said Mary P. Gillett did not constitute a waiver. In the body of the opinion the court stated as follows:

"She did the only thing possible, informed the trial court of her desire to suggest further amendments by filing with the clerk of the court * * * her objection to the settlement of case-made * * * on the date specified in the notice and therein gave notice of her desire to suggest further amendments, and the rule announced by this court in the second paragraph of the syllabus of the case of Ranney-Davis Mercantile Co. v. Morris, 88 Okla. 107, 211 P. 1044, has no application to the conditions in this case."

In Frey v. McCune, 49 Okla. 493, 153 P. 109. the rule is laid down in the second paragraph of the syllabus as follows:

"Notice of settlement of case-made may be served while the time for suggesting amendments is still running, provided the time fixed in the notice for settling and signing does not encroach upon the time granted to suggest amendments."

In the body of the opinion, on page 495, this court used the following language:

"In this case. however, the defendants were allowed until the close of the day of May 21st in which to suggest amendments, and as the case-made was settled and signed on that day, the 5-day notice encroached upon the time allowed for suggesting amendments, and the case was settled prematurely and is therefore void and confers no jurisdiction upon this court to review alleged errors presented thereby."

The rule laid down in Nicholson v. Binion, 49 Okla. 181, 152 P. 370, was followed and adhered to in the Frey v. McCune Case, wherein in the syllabus it is stated:

"* * * Held, further. that such notice may be served while the time for suggesting amendments is still running, provided the time fixed by the notice for settling and signing does not encroach upon the time granted to suggest amendments."

It is evident that the case-made was settled and signed and filed in the trial court before the expiration of the time allowed by law for the plaintiff to suggest amendments thereto, and over the objection of the plaintiff. The appearance of the plaintiff, under the circumstances, did not constitute a waiver of that right. The case-made was a nullity, and presents nothing to this court upon which the judgment may be reviewed. The record is not certified as a transcript and the errors complained of cannot be reviewed by this court. The remaining defendants in error are only nominal parties, and it is unnecessary to determine whether their action constitutes a waiver of the right to suggest amendments. The motion of the defendant in error W. D. Fly is sustained, and the appeal dismissed.